[Cite as *State v. Yates*, 2012-Ohio-1781.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24823 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2009-CR-3827 |
| v. | : | |
| | : | |
| REJUAN YATES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOSHUA CARTER, Atty. Reg. #0084925, 10044 Meadow Woods Lane, Dayton, Ohio 45458
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Rejuan Yates appeals from being resentenced for possession of drugs. We reversed his original sentence and remanded for resentencing because new information was presented at the sentencing hearing to which the trial court did not give Yates a chance to

respond, and it was not clear if the court used the information in fashioning the sentence. *State v. Yates*, 195 Ohio App.3d 33, 2011-Ohio-3619, 958 N.E.2d 640 (*Yates I*). On remand, the trial court conducted a sentencing hearing and allowed Yates to present testimony of three witnesses. But the response did not change the sentence. The court reimposed the same 5-year prison term that it imposed at the first hearing. The trial court also reimposed a statutorily mandated fine. Yates argues that the trial court's sentence is erroneous in light of the new evidence. And Yates argues that the court erred by imposing the fine. Finding no merit to either argument, we affirm.

### *Yates I*

{¶ 2}    In February 2010, Yates pleaded guilty to second-degree felony possession of heroin under a plea agreement promising him a 2-year sentence. Before releasing him on bond, the trial court made it very clear to Yates that this sentence was conditioned on Yates appearing at his presentence-investigation interview and appearing at his March 10 sentencing hearing. The court also made the consequences of his failure to appear at either clear: "That sentence is only going to be imposed if you show up for your PSI [presentence investigation] and you show up on March the 10th. Otherwise, I could sentence you to up to eight years. Do you understand that?" (Plea Tr. 2). Yates failed to show up for either.

{¶ 3}    The trial court issued a warrant for his arrest. In May, Yates was found near Cincinnati in Sharonville, Ohio. When police questioned him, Yates gave them a false name. But police identified him and took him into custody. A search of his person revealed a false driver's license and a baggie of marijuana.

{¶ 4}    At the initial sentencing hearing, Yates admitted to the trial court that he

understood that his failure to show up broke the plea-agreement condition and that the court could now impose a longer sentence. Yates told the court that he did not show up because he was in Atlanta, Georgia, taking care of his recently widowed grandmother, who was in danger of becoming homeless. The court told Yates that this excuse was "a bunch of garbage," an "unadultered lie." The court said that it had a report from his bail bondsman saying that Yates was transporting drugs back and forth between Atlanta and Cincinnati the entire time he was out on bond.

{¶ 5} The trial court imposed a 5-year prison sentence. This decision was "based upon the purposes and principles of sentencing, the seriousness and recidivism factors, the fact that you have two prior drug-related felonies, that you were unsuccessfully terminated from both of those cases, that you failed to comply with the agreement in this case, [and] that you were arrested in Cincinnati with someone else's identification as well as drugs on your person at that time." (First Sentencing Tr. 15). The court also imposed a statutorily mandatory fine of $7,500.

{¶ 6} On appeal, "Yates argue[d] that the bondsperson's report was unsubstantiated and inaccurate and therefore the trial court erred in relying on it to enhance Yates's sentence." *Yates I* at ¶ 13. We disagreed. We identified the issue instead as whether the court erred by denying him a chance to respond to the information in the bond report. But we could not resolve this issue because from the record we could not determine if Yates had an opportunity to review the bond report before sentencing or for what purpose the trial court considered the report. On remand, we directed the trial court to determine if it considered the bond report in fashioning Yates's sentence or considered it simply as contradicting his failure-to-appear excuse. If the bond report had been considered for sentencing, the court was to determine if Yates was told of the

bond-report information before sentencing. If he was not told, the court was to give Yates an opportunity to respond before resentencing. Lastly, we said that if the court wanted to consider the bond report in fashioning the sentence, it should append it to the presentence investigation report (PSI).

{¶ 7}    Yates had also argued on appeal that the trial court erred by sentencing him to a non-minimum term without making the findings required by R.C. 2929.14. We disagreed, saying that the court was not required to make any findings. "The trial court," we said, "stated on the record that it had considered the principles and purposes of sentencing (per R.C. 2929.11) and the seriousness and recidivism factors (per R.C. 2929.12) as well as the broken-plea condition and other factors in determining [Yates's] sentence. The sentence imposed was within statutory guidelines." *Yates I* at ¶ 31.

### *Yates II*

{¶ 8}    On remand the trial court allowed Yates to respond to the bond report with conflicting evidence. Yates presented the testimony of three witnesses–Charles Griffith (his great uncle), Laquita Body (his girlfriend), and Elonda Lewis (his cousin). Each testified that Yates was in Atlanta taking care of his grandmother. After hearing the testimony, the trial court appended to the PSI the bond report and its attachments, which included the Sharonville Police Department's arrest report and citation charging Yates with marijuana possession and the Hamilton County Municipal Court complaint and affidavit charging Yates with providing false identification.

{¶ 9}    Although at the original sentencing hearing the trial court categorically rejected Yates's failure-to-appear excuse, at the resentencing, finding Charles Griffith's testimony

credible, the trial court appeared to be willing to accept that Yates was in Atlanta caring for his grandmother. But ultimately, in the trial court's apparent view, what he was doing there didn't matter: "Whether you were in Atlanta to visit your grandmother or you were in Atlanta for the nefarious reasons that [the bondsman] suggests, it doesn't matter. You were not here when you were ordered to be here, and when you agreed to be here. It was very clear at your sentencing–or at your plea, be here on March the 10th for sentencing and it's two years. You don't show up, all bets are off." (Resentencing Tr. 68).

{¶ 10}   The trial court reimposed a 5-year prison term. And it cited the same factors that it cited at the first sentencing hearing–possession of marijuana, providing false identification, two prior felonies, failing to show for sentencing. The court also reimposed the statutorily mandatory fine of $7,500.

{¶ 11}   Yates appealed. He now presents five assignments of error for our review. The first, fourth, and fifth allege error with the sentence and the second and third allege error with the fine.

**The Sentence**

{¶ 12}   When reviewing a felony sentence, "appellate courts must apply a two-step approach," *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26:

> First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard. *Id*.

The first and fifth assignments of error allege that Yates's sentence is contrary to law. The fourth assignment of error alleges that the sentence constitutes an abuse of the trial court's discretion.

*The requirements of R.C. 2951.03*

**{¶ 13}** In the first assignment of error, Yates alleges that with respect to the bond report the trial court failed to comply with R.C. 2951.03(B)(5), which provides:

If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:

(a) Make a finding as to the allegation;

(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

Yates contends that with respect the to factual inaccuracies that he alleged exist in the bond report the trial court failed to make either the finding or the determination required by this provision.

**{¶ 14}** Initially, we note that this provision does not apply to the bond report because the report is not a PSI. By statute, before imposing sentence, a sentencing court must consider several things–"the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report * * *, and any victim impact statement." R.C. 2929.19(B)(1). In *Yates I* we said that the bond report

"constituted new information presented at the hearing that was considered by the trial court." *Yates I* at ¶ 23. We also characterized the report as a victim impact statement. *See id.* at ¶ 25. The bond report was not created as part of the presentence investigation; the report was sent to the court independently by the bail bondsman. Appending the bond report to the PSI was simply a way to preserve the report. *See id.* at ¶ 27 ("Upon remand, if the trial court wishes to take the report of the bail bondsperson into consideration in determining a proper sentence, it should append it to, and preserve it with, the presentence-investigation report."). This method of preservation did not somehow make the report part of the PSI. Accordingly, R.C. 2951.03(B)(5) does not directly apply. Nonetheless, even if we had determined that the statute did apply, we believe that the trial court made the determination that the factual discrepancy (whether the defendant was in Atlanta transporting drugs or caring for his grandmother) didn't matter. "Whether you were in Atlanta to visit your grandmother or you were in Atlanta for the nefarious reasons that [the bondsman] suggests, it doesn't matter." (Resentencing Tr. 68). Therefore, no resolution of the discrepancy was necessary.

{¶ 15}   The first assignment of error is overruled.

*Due process and vindictiveness*

{¶ 16}   In the fifth assignment of error, Yates alleges that the sentence violates due process. A trial court violates due process if on remand the court, motivated by vindictiveness, resentences a defendant to a harsher sentence. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The trial court here did not sentence Yates to a harsher sentence. Yates admits this fact but still contends that the sentence was motivated by vindictiveness. Yates points out that at the first hearing the trial court imposed a 5-year sentence because it found that

his story about his grandmother was a lie, based on the bond report claiming that he was transporting drugs while he was out on bond. At the second hearing Yates presented witnesses whose testimony rebutted the bond report's claim. Yet, says Yates, despite this testimony, the court reimposed the same sentence. Further facts that show the trial court's vindictiveness, according to Yates, are that, at resentencing, the court questioned a witness about the bond report's allegations and appended the report to the PSI. Finally, Yates says the reasons given by the trial court for the sentence–his failure to show up for sentencing, the Sharonville police report, and the municipal court complaint charging him with providing false identification–were mere pretext; the bond report, asserts Yates, was the real reason.

{¶ 17}   None of these facts, alone or together, suggests that the sentence was motived by the trial court's vindictiveness. The reasons for the sentence that the court gave at resentencing are the same as those it gave for the sentence at the original sentencing. And the testimony was simply irrelevant. The court expressly said that why he failed to show up for sentencing–the matter that the testimony and bond report concerned–did not matter.

{¶ 18}   The fifth assignment of error is overruled.

{¶ 19}   In the fourth assignment of error, Yates alleges that the sentence is an abuse of the trial court's discretion. "An abuse of discretion * * * 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at *¶* 19, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The sentence here implies none of these.

{¶ 20}   Yates contends that a 5-year sentence is contrary to the principles of sentencing in R.C. 2929.11 and 2929.12. Recognizing that in *Yates I* we held that the original 5-year

sentence imposed by the trial court was "within statutory guidelines," Yates contends that, in addition to the sentence being his first prison sentence and being based on an uncorroborated bond report, the mitigating evidence presented at the resentencing hearing (the testimony) shows that the court should have imposed a shorter sentence.

{¶ 21}  Again we note the trial court's clear statement at the resentencing hearing that why Yates failed to show up was irrelevant. Regardless of the reason, the court said it was very clear that "[Yates] didn't have any intention of showing up." (Resentencing Tr. 68). The court said that it had been "very, very clear" that the 2-year sentence agreement was conditioned on his appearing for his presentence-investigation interview and for his sentencing hearing. And, said the court, it had been clear that should Yates fail to appear it could sentence him to prison for up to 8 years. Yates's 5-year sentence, though also based on his criminal history and the circumstances of his arrest after he failed to show, is based primarily on his failure to show up for sentencing. Even with the additional evidence, the trial court's sentence still conforms to the statutory guidelines.

{¶ 22}  The fourth assignment of error is overruled.

### The Fine

{¶ 23}  The second and third assignments of error concern the fine imposed under R.C. 2929.18(B)(1). This provision requires courts to impose a fine on defendants convicted of certain offenses, including the one Yates was convicted of, unless the defendant files an affidavit of indigence and the court determines that the defendant is indigent and is unable to pay the mandatory fine. In the second assignment of error, Yates contends that the statutory provision violates the doctrine of separation of powers and the ban on excessive fines in the Eighth

Amendment to the U.S. Constitution. And in the third assignment of error, Yates alternatively contends that he received ineffective assistance of counsel because his trial counsel did not advise him to file an affidavit of indigence.

{¶ 24} We decline to consider the issues raised by either assignment of error. "Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand." *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995). Yates admits that he did not challenge the fine in his first appeal. Because issues relating to the fine are beyond the scope of our *Yates I* remand, they are beyond the scope of our current review. *See State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), citing *D'Ambrosio* at 143.

{¶ 25} The second and third assignments of error are overruled.

{¶ 26} All five assignments of error are overruled. Therefore the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH and FISCHER, JJ., concur.

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck, Jr.
Kirsten A. Brandt
Joshua S. Carter
Hon. Mary K. Huffman