[Cite as *State v. Pickett*, 2012-Ohio-1821.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     25931 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTOINE PICKETT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 03 02 0510 (B) |

## DECISION AND JOURNAL ENTRY

Dated: April 25, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1} Antoine Pickett pleaded guilty to multiple charges, but the trial court failed to properly impose post-release control. Before he completed his prison sentence, the trial court held a resentencing hearing to correct the error. The trial court resentenced Mr. Pickett to the mandatory five-year term of post-release control required by law. Mr. Pickett did not appeal his resentencing. Following his release from prison, he moved the trial court to terminate post-release control, arguing that the trial court had violated his plea agreement by adding an additional sanction that had not been part of the negotiated agreement. This Court affirms the trial court's denial of the motion to terminate post-release control because Mr. Pickett's argument is barred by res judicata.

## BACKGROUND

**{¶2}** In 2003, the State charged Mr. Pickett with possession of cocaine and marijuana and failure to comply with an order or signal of a police officer. Mr. Pickett agreed to plead guilty to the charges of possession of cocaine and failure to comply and to forfeit the money he had at the time of his arrest. In exchange, the State dropped the marijuana charge and recommended a seven-year prison term.

**{¶3}** At his plea hearing, the trial court warned him that, if he pleaded guilty to the first-degree felony charge of possession of cocaine, he would be subject to "post-release control for up to five years[.]" The record indicates that the trial court did not mention post-release control during the sentencing hearing. The trial court sentenced Mr. Pickett to seven years for the cocaine charge and a concurrent year for failure to comply. In its sentencing entry of August 25, 2003, the trial court wrote that Mr. Pickett would be "subject to post-release control to the extent the parole board may determine as provided by law." Mr. Pickett did not appeal.

**{¶4}** On June 10, 2010, while Mr. Pickett was still serving his prison term, the trial court resentenced him to correct the post-release control error. By journal entry of June 18, 2010, the trial court resentenced him to the same concurrent prison terms for the first-degree felony possession charge and the third-degree felony failure to comply. It then advised that he would be "supervised on post-release control . . . for a mandatory period of 5 years after being released from prison." Mr. Pickett did not appeal his resentencing. Seven months later, after he had been released from prison, Mr. Pickett moved the trial court to terminate his post-release control, arguing that his plea was not knowing and voluntary because he did not understand that he would be subject to a mandatory five years of post-release control. The trial court denied his motion, and Mr. Pickett appealed.

## RES JUDICATA

**{¶5}** Mr. Pickett's assignment of error is that the trial court violated his due process rights by denying his motion to terminate post-release control. In his motion, he argued that the State had violated the plea agreement and asked the trial court for specific performance of the 2003 agreement. He argued that the agreement did not include post-release control, so specific performance would require immediate termination of post-release control. On appeal, he has argued that "the trial court violated his right to the bargain to which he pled" and that "the agreement . . . was absolutely broken by the trial court when it invoked additional sanctions upon him outside the agreement."

**{¶6}** Under Rule 11(C)(2)(a) of the Ohio Rules Criminal Procedure, before accepting a guilty plea in a felony case, the trial court must address the defendant personally and "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions[.]" A plea agreement between the State and the defendant does not tie the trial court's hands at sentencing. *State v. Kelly*, 7th Dist. No. 08-CO-17, 2009-Ohio-1035, at ¶ 29. Regardless of the State's recommendation, the trial court has discretion to impose any sentence authorized by law for the relevant crime. *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, at ¶ 4.

**{¶7}** Mr. Pickett has not argued that the trial court failed to properly advise him under Criminal Rule 11(C)(2) at his plea hearing nor has he argued that the trial court broke the law or abused its discretion in resentencing him to 5 years of post-release control. He has argued only that the trial court broke the negotiated plea agreement by adding additional sanctions, that is, post-release control, that was not part of his plea bargain.

{¶8}    At his plea hearing, the trial court warned Mr. Pickett that a plea of guilty would subject him to a mandatory prison term of between three and ten years.  It told him that community control was not an option under the circumstances.  It specifically advised him that, although the State had agreed to recommend a seven-year prison term under the agreement, the trial court was not bound by that recommendation.  The court also advised him that a plea of guilty would subject him to "up to five years" of post-release control and he would not be eligible for judicial release.    After Mr. Pickett acknowledged that he understood those consequences, as well as various others including the rights he was relinquishing through his plea, he pleaded guilty to the two charges.

{¶9}    Mr. Pickett's original sentencing entry attempted to impose post-release control "to the extent the parole board may determine as provided by law" rather than correctly imposing the mandatory five-year term required by Section 2967.28(B)(1) of the Ohio Revised Code.  Mr. Pickett did not appeal that judgment.  Years later, while he was still serving his prison term, the trial court held a resentencing hearing and issued an entry resentencing him to the same prison term plus a mandatory term of five years of post-release control.  At that time, the trial court explicitly told him, through its journal entry, that he was subject to five years of post-release control after his release from prison.  He could have appealed that judgment at that time, but he did not.

{¶10}  Res judicata now bars his argument.  The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."  *State v. Ketterer*, 126 Ohio St. 3d 448, 2010–Ohio–3831, ¶ 59 (citing *State v. Perry*, 10 Ohio St. 2d 175, paragraph nine of the syllabus (1967)).  The fact that Mr. Pickett failed to appeal his original or corrected sentence does not prevent the application of

the doctrine of res judicata to his motion to terminate post-release control. *See State v. Rexroad*, 9th Dist. No. 22214, 2004–Ohio–6271, at ¶ 8 ("That a defendant failed to directly appeal from his conviction and sentence does not prevent the application of the doctrine of res judicata.").

{¶11} Although the part of the original sentence incorrectly imposing post-release control was void, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶ 40. Once the void part of the sentence was corrected via a resentencing hearing and entry correctly imposing post-release control, Mr. Pickett's arguments were limited to issues arising in the resentencing process. *Id.* Mr. Pickett could have appealed the resentencing entry, but he did not. Because the argument Mr. Pickett made in his motion to terminate post-release control was barred by res judicata, the trial court did not violate his right to due process by denying the motion. *See State v. Greene*, 9th Dist. No. 25773, 2012-Ohio-791, at ¶ 5-6. Mr. Pickett's assignment of error is overruled.

## CONCLUSION

{¶12} Mr. Pickett's argument that the trial court violated his plea bargain by resentencing him to five years of post-release control is barred by the doctrine of res judicata. He could have raised that argument in a direct appeal from the resentencing entry, but did not. His assignment of error is overruled. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.