[Cite as *State v. Stewart*, 2012-Ohio-3758.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 11CA26 |
| vs. | : | |
| LAWRENCE E. STEWART, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Lawrence E. Stewart #A328-065, Hocking County
Correctional Facility, 16759 Snake Hollow Road, P.O. Box
59, Nelsonville, Ohio 45764-0059, Pro Se

COUNSEL FOR APPELLEE:     James E. Schneider, Washington County Prosecuting
Attorney, and Alison L. Cauthorn, Washington County
Assistant Prosecuting Attorney, 205 Putnam Street,
Marietta, Ohio 45750

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-10-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Washington County Common Pleas Court judgment that

overruled a motion to terminate void sentences filed by Lawrence E. Stewart, defendant below

and appellant herein.

{¶ 2}   Appellant assigns the following error for review:

"THE DEFENDANT/APPELLANT, LAWRENCE E. STEWART
WAS DENIED HIS CONSTITUTIONAL PROTECTION OF
'EQUAL PROTECTION' OF LAWS AS GUARANTEED BY
THE FOURTEENTH AMENDMENT OF THE UNITED

STATES CONSTITUTION, OHIO BILL OF RIGHTS: ARTICLE I, §§2 OHIO CONSTITUTION. THE HONORABLE JUDGE EDWARD LANE (ED LANE) WASHINGTON COUNTY COMMON PLEASE COURT DENIED THE APPELLANT IN THIS APPLICATION THE EQUAL PROTECTION OF OHIO REVISED CODE §5145.01 DURATION OF SENTENCE MANDATING APPELLANT'S CONSECUTIVE SENTENCES BE IMPOSED AS CONCURRENT TERMS OF INCARCERATION, AND NOT THE CONSECUTIVE SENTENCES THAT HAS [sic] BEEN IMPOSED." (Emphasis omitted.)

{¶ 3} In 1996 appellant was convicted of: (1) kidnapping in violation of R.C. 2905.01(A)(4); (2) gross sexual imposition in violation of R.C. 2907.05(A)(i); and (3) attempted rape in violation of R.C. 2923.02(A) & R.C. 2907.02(A)(2).   Appellant received a ten to twenty-five year sentence for kidnapping, with ten years actual prison time; three to five years for gross sexual imposition; and four to fifteen years for attempted rape. The two sentences for gross sexual imposition and attempted rape were ordered to be served concurrently with each other, but consecutive to the kidnapping sentence. Thus, in aggregate, appellant was ordered to be imprisoned for fourteen to forty years, with ten years actual incarceration.

{¶ 4} We affirmed appellant's conviction in State v. Stewart (Dec. 15, 1997), Washington App. No. 96CA18 (Stewart I).   The Ohio Supreme Court denied further review. State v. Stewart (1999), 87 Ohio St.3d 1430, 718 N.E.2d 447.   In 2002, appellant filed a motion for re-sentencing and new trial.   The trial court overruled the motions and we affirmed that decision.   State v. Stewart, Washington App. No. 02CA29, 2003- Ohio-4850 (Stewart II).

{¶ 5} Appellant commenced the instant case on September 22, 2011 with a motion to terminate a "void and/or voidable sentence."     The gist of appellant's motion appears to be that recent statutory changes and judicial rulings have rendered unconstitutional his consecutive

sentences.   On September 14, 2011, the trial court overruled appellant's motion and pointed out that appellant's sentences were valid at the time of imposition.   This appeal followed.

{¶ 6}   Appellant's assignment of error appears to argue that the trial court's ruling on his motion constitutes error and a violation of his constitutional rights.   We disagree with appellant.

{¶ 7}   Our analysis begins with the observation that appellant's arguments appear to be premised on events that occurred subsequent to the changes that Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 (S.B. No. 2) made in Ohio Felony Sentencing Law.   Thus, neither S.B. No. 2, nor any subsequent judicial decisions or statutory changes that relate to S.B. No. 2, are applicable to appellant.   Appellant was originally sentenced on April 12, 1996.   S.B. No. 2 became effective on July 1, 1996.   State v. Stevens, Butler App. No. CA2010–08–211, 2011-Ohio-2595, at ¶10; State v. Gibson, Washington App. No. 01CA19, 2002-Ohio-5232, at ¶30.   As many courts held soon after the passage of S.B. No. 2, those new provisions applied prospectively and did not apply to the sentencing of defendants that occurred before the statute's effective date.   See, e.g., State v. Dukes (Dec. 9, 1998), Cuyahoga App. No. 71397; State v. Elder (May 11, 1998), Butler App. No. CA97-07-142; State v. Jenkins (Feb. 11, 1997), Lawrence App. No. No. 96CA40.   On this basis alone, we find no merit to appellant's argument.

{¶ 8}   Appellant also argues that the trial court failed to apply   R.C. 5145.01 which, he contends, requires concurrent sentences.   First, as we note above, if appellant cites legislative changes enacted as part of S.B. No. 2, those changes do not apply to him.   Second, if appellant is arguing that the trial court failed to comply with the statute in existence at the time he was sentenced, this is an issue that should have been raised on appeal in Stewart I.   To the extent that

it was not, the doctrine of res judicata is dispositive of the issue.   See State v. Pickett, Summit App. No. 25931, 2012-Ohio-1821. at ¶10; State v. Yates, Montgomery App. No. 24823, 2012-Ohio-1781, at ¶24; State v. Beach, Gallia App. No. 11CA4, 2012-Ohio-1630, at ¶5.   Either way, appellant's arguments under R.C. 5145.01 have no merit.

{¶ 9}   Appellant also argues that he has "a claim that has not been addressed by this Court and is a claim under un-charted territory therefore" - that the trial court violated his Equal Protection rights under the Ohio and United States Constitutions by failing to sufficiently explain that R.C. 5145.01 did not apply to him.

{¶ 10}  First, as we note above, subsequent changes in R.C. 5145.01 are not applicable to appellant.   Second, any violation of a provision that existed at the time of his sentencing should have been raised in appellant's direct appeal (Stewart I), but were not.   Thus, the doctrine of res judicata again applies and resolves the issue.   Third, and more important, criminal defendants are not a "suspect class" for purposes of the Fourteenth Amendment. See e.g. United States v. Rosales-Garay (U.S.C.A. 10 2002), 283 F.3d 1200, 1203, at fn. 4; United States v. Carroll (U.S.C.A.7 1997), 110 F.3d 457, 461; United States v. Smith (U.S.C.A.9 1987), 818 F.2d 687, 691.   Appellant also cites no case law to support the view that re-sentencing conducted under later versions of a statute is a fundamental right.

{¶ 11} Laws that burden neither a suspect class, nor impinge a fundamental right, will be upheld if the law bears a rational relation to a legitimate end.   See e.g. United States v. Castillo (U.S.C.A.10 1998), 140 F.3d 874,883; Carroll, supra at 461.   Here, appellant has not persuaded us that any Fourteenth Amendment "equal protection" violation has occurred.

{¶ 12} Accordingly, based on the foregoing reasons we hereby overrule appellant's

assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the

time period for further appeal commences from the date of filing with the clerk.