[Cite as *Westlake v. Mills*, 2015-Ohio-5137.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102486

---

**CITY OF WESTLAKE**

PLAINTIFF-APPELLEE

vs.

**BARBARA A. MILLS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Rocky River Municipal Court
Case No. 11 CRB 0038

**BEFORE:** Laster Mays, J., Keough, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 10, 2015

-i-

**ATTORNEY FOR APPELLANT**

Jeffrey M. McGaffick
571 East 185th Street
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEE**

John D. Wheeler
Director of Law

By:    Sean F. Kelleher
Assistant Director of Law
City of Westlake
27700 Hilliard Blvd.
Westlake, Ohio 44145

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Barbara A. Mills ("Mills") appeals the decision of the Rocky River Municipal Court denying Mills's request to obtain a copy of her medical information on file with the court. For the reasons set forth below, we affirm this appeal.

{¶2} In 2011, Mills was charged by the city of Westlake that falls under the jurisdiction of the Rocky River Municipal Court, with menacing two children ("*Mills I*"). On January 7, 2011, after issuing a criminal protective order at the request of the alleged victims, the trial judge ordered that a mental health assessment be conducted by Recovery Resources as a condition of bond.

{¶3} Mills was ultimately tried and found not guilty. The case was closed on September 16, 2011.

{¶4} In 2014, Mills hired an attorney to assist her with obtaining a copy of the *Mills I* mental health assessment report to support her legal position in a pending lawsuit, *Mills v. Westlake*, Cuyahoga C.P. No. CV-14-826449 ("*Mills II*"). *Mills II* asserts causes of action for malicious prosecution, false imprisonment, abuse of process, civil conspiracy, battery, reckless, wanton and willful conduct.

{¶5} Mills's attorney filed a letter and release with the municipal court requesting a copy of the mental health assessment report on November 6, 2014. The municipal court issued an entry refusing to provide the health assessment report, citing R.C. 2951.03 that governs presentence investigation reports ("PSIs").

{¶6} The case before us is of first impression, Mills appeals, arguing that the trial court erred in, (1) denying Mills's request for medical records on the basis of R.C. 2951.03; (2) refusing to allow access to the records that sets an improper precedent; and (3) determining that

the records are the exclusive property of the court. We affirm the trial court's finding that Mills is not entitled to the report but we reject the finding that the report is governed by R.C. 2951.03.

{¶7} This court agrees that the assessment does not fall within the purview of R.C. 2951.03 governing PSIs. The record demonstrates that the trial court ordered a mental health assessment as a condition of bond promptly after the criminal protective order hearing covering the alleged menacing victims. A bond report is not a PSI subject to R.C. 2951.03. *State v. Yates*, 2d Dist. Montgomery No. 24823, 2012-Ohio-1781, ¶ 1.

{¶8} During oral arguments before this court, it was disclosed that the policy and procedure of the trial court was for the judge to order and receive, directly from the assessment provider, verbal mental assessment reports regarding conditions of bond. In this case, the assessment was conducted while Mills was still in custody.

{¶9} The explanation that there was, in fact, no written report is substantiated by Mills's assertion that she was unable to obtain the report from Recovery Resources who responded that no written report exists. Neither party to the case observed or received a written report.

{¶10} Speaking further to the policy for nondisclosure of such reports, as the city argues, the court has broad discretion to order mental health assessments and other information as a condition of bond pursuant to Crim.R. 46(C)(4). In performing this task, a judge must delicately and equitably balance the constitutional rights of the defendant while assuring attendance at court appearances, with the safety of the community:

> In determining the types, amounts, and conditions of bail, the court shall consider all relevant information, including but not limited to:
>
> (1) The nature and circumstances of the crime charged, and specifically whether the defendant used or had access to a weapon;
>
> (2) The weight of the evidence against the defendant;

(3) The confirmation of the defendant's identity;

(4) The defendant's family ties, employment, financial resources, character, *mental condition*, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution;

(5) Whether the defendant is on probation, a community control sanction, parole, postrelease control, bail, or under a court protection order.

(Emphasis added.) Crim.R. 46(C). *Allen v. Altiere*, 11th Dist. Trumbull No. 2015-T-0065, 2015-Ohio-3556, ¶ 19.

{¶11} The setting of bail is strictly within the purview of the trial court, subject to statutory and constitutional constructs. *Miller v. Reid*, 8th Dist. Cuyahoga No. 96110, 2010-Ohio-6485, ¶ 5, 9.

{¶12} The report was not relevant to the adjudication of the matter, and served only to allow the judge to consider all pertinent factors in determining the bond amount and conditions pursuant to the Ohio Rules of Criminal Procedure and Ohio Constitution Article I, Section 9:

Where a person is charged with any offense for which the person may be incarcerated, the court may determine at any time the type, amount, and conditions of bail.

Moreover, it was determined that the medical record did not exist as a written report. Therefore, the court cannot order the release of a report that does not exist.

{¶13} Finally, assuming the report existed in written form, it falls within the purview of Ohio Adm.Code 5122-29-07 covering forensic evaluation services:

(A)  "Forensic evaluation service" means an evaluation resulting in a written expert opinion regarding a legal issue for an individual referred by a criminal court, domestic relations court, juvenile court, adult parole authority, or other agency of the criminal justice system or an ODMH operated regional psychiatric hospital. Forensic evaluation service *includes all related case consultation and* expert testimony.  Forensic evaluation service *also assists courts* and the adult parole authority to address mental health legal issues such as those referenced in paragraph (B) of this rule.

(Emphasis added.)  *Id.*

{¶14}    The mental health legal issues include, but are not limited to, competency to stand trial, insanity defenses, presentencing issues, penalty mitigation, domestic violence evaluations, witness competency, parole issues, and stalking issues. Ohio Adm.Code 5122-29-07(B). On the subject of confidentiality, the code specifically provides:

(D)   Forensic evaluation service shall provide the following standards of confidentiality:

(1)  *The relationship between the person being evaluated and the examiner is not confidential in the usual understanding of that term.*  A written report shall be made to the court or adult parole authority, whether or not the person being evaluated cooperates with the examiner.  The relationship between the court or adult parole authority shall be explained orally and in writing to the person being evaluated.  It shall be clearly noted that information gathered and expert opinions reached by the examiners shall be summarized in a written report and/or testimony to the court or adult parole authority or other referring agency.

(2)  *Reports to the criminal courts shall be forwarded only to the court that referred the person* or to other court officials, prosecution and defense attorneys, as designated by the referring court.  The court may, at its discretion, distribute the report, and bears the responsibility for that distribution.  Reports to the adult parole authority shall be forwarded only to that agency, which may, at its discretion, distribute the report, and bears the responsibility for that distribution. Reports may be distributed to other parties only with the written authorization of the court or adult parole authority, or other referring agency.

(Emphasis added.)   Ohio Adm.Code 5122-29-07(D)(1)-(2).

{¶15}   Finally, in the event that a written mental assessment report did exist in this case, the report is the property of the court:

(3)    Reports of forensic evaluations shall be stored separately from other types of client records, *and shall be considered the property of the court that ordered them or the agency that referred the person*.

(Emphasis added.)    Ohio Adm.Code 5122-29-07(D)(3).

**{¶16}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY J. BOYLE, J., CONCUR