{¶ 1} Defendant-appellant Derick D. Clark ("Clark") brings this appeal from the judgments of the Crawford County Municipal Court.
 {¶ 2} On June 24, 2002, Clark, pursuant to a plea agreement, pled no contest to a charge of disorderly conduct resulting from a domestic dispute in case no. 02 CRB 0545. The trial court sentenced Clark to 30 days in jail with the sentence conditionally suspended. Some of the conditions of suspension were that Clark would not engage in similar conduct for the next five years, that Clark obtain domestic violence counseling, and that Clark have no contact with the victim.
 {¶ 3} On June 1, 2005, Clark appeared before the trial court, waived his right to counsel and entered a negotiated plea to disorderly conduct in case no. 05 CRB 0551. Once again the charge had been amended from a domestic violence charge. The charge involved the same victim as in the 2002 offense. The trial court then sentenced Clark to another 30 day jail sentence with the sentence conditionally suspended. Immediately thereafter, the trial court ordered that the suspended sentence from 2002 would be reimposed. Clark appeals from these judgments and raises the following assignments of error.
The trial court erred in accepting the [no contest] plea andsentencing [Clark] when the court failed to insure that [Clark]had notice of the full import of his plea. [Clark] did not knowthe range of sentences possible, specifically the possibleimposition of a suspended sentence from another case.
 The trial court erred in accepting the [no contest] plea andsentencing [Clark] when the court failed to insure that [Clark]had notice of the full import of his plea. The trail court erredin failing to require that written notice be given [Clark] of thepossible imposition of the suspended sentence in the 2002 case.
 The trial court erred in sentencing [Clark], as the trialcourt relied upon matters outside of the record, includingsupposition and assumptions.
Clark appeals the 2002 judgment in appellate case no. 3-05-20 and appeals the 2005 judgment in appellate case no. 3-05-14.
 {¶ 4} In the first assignment of error, Clark argues that the trial court erred because he did not know that the prior suspended sentence could be reimposed. This assignment of error applies to appellate case no. 3-05-14. During the hearing, the following dialogue occurred.
The Court: Now with a guilty finding, in addition to theimposition of the sentence that you have in the case before thecourt, I'm not saying it could, or it will, but it could, resultin triggering an old suspended sentence that you have in an olddomestic violence case. Do you understand?
 Mr. Clark: Uh, . . . . . yeah.
 The Court: And knowing that, do you wish to continue with yourno-contest plea?
 Mr. Clark: Yes sir.
Tr. 3-4. The record reveals that the trial court specifically told Clark that the prior suspended sentence could be reimposed. Clark stated that he understood that fact. This warning by the court was given prior to the plea being accepted. Thus the trial court did not err in accepting the plea. The first assignment of error is overruled.
 {¶ 5} Next, Clark claims that the trial court erred by not giving him a written notice that the prior suspended sentence could be reimposed. This assignment of error addresses the judgment appealed in case no. 3-05-20. Clark bases this argument on the requirement that written notice of the violations and a hearing are required prior to revocation of parole or probation. This court notes that although the sentence was conditionally suspended, Clark was not formally placed upon community control. However, the effect of a conditional suspension is the same as that of community control, i.e. a violation can result in a term of incarceration. See City of Beavercreek v. Koch, (Sept. 18, 1985), Greene App. No. 85-CA-2, unreported (holding that the imposition of a previously suspended sentence is functionally equivalent to revoking probation). See also City of Bay Villagev. Gaines, (July 27, 2000), Cuyahoga App. No. 76391, unreported (holding that the stay of five days of a sentence was merely a suspended sentence that improperly attempted to avoid the requirements of reimposing a suspended sentence when an offender is on probation). The effect of placing an offender on community control is that certain due process requirements must be met in order to reimpose a suspended sentence. Pursuant to the rulings of the U.S. Supreme Court, before probation can be revoked, a hearing must be held and written notice must be given of the claimed violation. Gagnon v. Scarpelli (1973), 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 484.
 {¶ 6} In this case, the record reveals that prior to the actual hearing, no notice was given to Clark that the decision whether to reimpose the 2002 sentence would be addressed at the hearing. The first mention made of the reimposition of the sentence was during the trial court's Crim.R. 11 dialogue prior to the acceptance of the plea. Immediately after the finding of guilt, the trial court proceeded to reimpose the 2002 sentence. Clark was not even granted an opportunity to speak concerning the reimposition of the 2002 sentence. In the absence of notice prior to the hearing that the pending charge would be the basis for imposing the suspended sentence, it was fundamentally unfair for the court to reimpose the 2002 sentence. Koch, supra. This is particularly so because Clark was unrepresented by counsel. Id. At a probation revocation hearing, Clark would have the right to have counsel present. Although Clark voluntarily waived his right to counsel concerning the 2005 charge, the record is silent as to whether Clark chose to waive counsel for all purposes. For these reasons, the second assignment of error is sustained.
 {¶ 7} Clark's final assignment of error deals with suppositions made by the trial court during sentencing. Since only one hearing was held, this assignment of error applies to both judgments. Specifically, Clark objects to the following statements of the trial court.
The Court: * * * you had a battery that got dismissed probablybecause you had some victim that was scared to death.
* * *
The Court: You have been tried twice in this court withbeating; it's typical of the beater to just transfer theirbeating from one victim to another and not ever cure. And thisisn't some unfortunate chain of events that finds you in courtthree different times subject to the domestic violence laws oftwo different states. And it's not uncommon that those kind ofcases get dropped or dismissed or amended.
* * *
The Court: And it's not uncommon for someone like you to go onand eventually kill someone.
 Mr. Clark: No sir.
 The Court: Don't say "no", because it is also very common fora batterer to always try to act like a saint.
Tr. 7. The facts present before the trial court do not support the conclusions reached by the trial court. Although there was evidence of a domestic battery charge in Florida, the only evidence was that it was dismissed. No evidence was presented as to why it was dismissed. To speculate that the basis for the dismissal was because the victim was too scared to prosecute is improper. Additionally, it is improper for the trial court to speculate that the defendant would end up killing someone merely because others had done so. The facts before the court were that Clark had been convicted of disorderly conduct on two instances due to mutual combat with the victim.[1] Although the trial court should not have been speculating on matters outside of the record, no objection was made at the hearing and the error was harmless. The trial court stated that the reason for reimposing the 2002 sentence was that the subsequent conviction for a similar offense violated the terms of the conditional suspension. This reason had no relation to the speculations of the trial court. Thus, the third assignment of error is overruled.
 {¶ 8} The judgment of the Crawford County Municipal Court in case no. 3-05-14 is affirmed. The judgment in case no. 3-05-20 is reversed and remanded for further proceedings.
Judgment Affirmed in Case No. 3-05-14; and Judgment Reversedand Cause Remanded in Case No. 3-05-20.
 Rogers and Shaw, J.J., concur.
[1] This court notes that the record reflects that both Clark and the victim were arrested on charges of domestic violence because the officers were not able to determine who was the aggressor. The victim's charge of domestic violence was dismissed in exchange for her admitting to a probation violation. Additionally, the State's brief alleges that the couple had been before the court on five occasions for domestic violence: three charges against the victim and two against Clark.