[Cite as *State v. Yates*, 195 Ohio App.3d 33, 2011-Ohio-3619.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | Appellate Case No. 24105 |
| Appellee, | : | |
| | : | Trial Court Case No. 09-CR-3827 |
| v. | : | |
| | : | (Criminal Appeal from |
| YATES, | : | Common Pleas Court) |
| | : | |
| Appellant. | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 22nd day of July, 2011.

· · · · · · · · · · ·

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Ashelman & Lowe, Scott A. Ashelman, and Aaron D. Lowe, for appellant.

· · · · · · · · · · · · ·

Per Curiam.

{¶ 1}  Defendant-appellant, RejuanYates, appeals from his conviction and sentence for possession of controlled substances, after a negotiated guilty plea.   Yates contends that the trial court erred in accepting his guilty plea because he was obviously intoxicated; the trial court relied on matters outside the record as a basis for enhancing his sentence; and the trial court sentenced him without making statutorily required factual findings.

{¶ 2} We conclude that there is evidence in the record to support the trial court's finding that Yates's plea was voluntary and that the trial court did not err in failing to make certain findings that were required by statute before *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, severed that requirement from the statute. The trial court did err, however, by giving apparent consideration to the report of a bail bondsman at the sentencing hearing without giving Yates a chance to respond to the report. Accordingly, Yates's sentence is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 3} RejuanYates pleaded guilty to possession of controlled substances on a promise that he would receive a two-year minimum sentence. The trial court made it clear to Yates at the plea hearing that the two-year sentence agreement was conditioned on Yates appearing for his presentence-investigation interview and for his sentencing hearing. The trial court made it clear to Yates that should he fail to appear at either time, the trial court could, in its discretion, sentence Yates to any prison term within the two-to-eight year range prescribed by statute. Yates failed to appear at either the interview or the sentence hearing.

{¶ 4} At the rescheduled sentencing hearing, after Yates was apprehended, the trial court reminded Yates of the plea condition and asked him if he understood that as a result of the broken condition, the court could sentence him to more than two years of imprisonment. Yates said he understood. The trial judge then asked Yates if he wanted to make a statement or tell the court anything before sentencing. In response, Yates explained in detail that he was attending to his recently widowed and elderly grandmother, who was in danger of becoming homeless, and those duties kept him from attending the originally scheduled

sentencing hearing. Defense counsel vouched for his client.

{¶ 5} The trial court responded by telling Yates that it had a report from his bail bondsperson detailing how he had been transporting drugs interstate the entire time he was out on bond. Based on the report, the trial court concluded that Yates's story was an "unadulterated lie." The trial court opined that Yates had "thumbed [his] nose at everything other than what [he] felt like doing," that he "chose to violate the agreement," and that his story about his grandmother was "a bunch of garbage." At one point, Yates raised his hand partway indicating an intent to speak. But the trial court cut him off, stating:

{¶ 6} "No, sir, this is my turn to talk now. Because, as I said, your bondsperson was well aware from talking with your girlfriend that the two of you were running cars continuously between Dayton and Cincinnati the two months that we couldn't find you. So I don't find one word of what you've said to be credible."

{¶ 7} Allowing no more discussion, the trial court sentenced Yates to five years' imprisonment. The bondsperson's report is not in the record on appeal and does not appear to have been shown to Yates or to his counsel.

II

{¶ 8} Yates's first assignment of error is as follows:

{¶ 9} "The trial court erred when it accepted a guilty plea from defendant without first properly ascertaining whether the plea was knowingly, intelligently, and voluntarily given, as is required by *State v. Ballard*."

{¶ 10} Yates contends that the trial judge should have noticed that he was intoxicated at the sentencing hearing, and that his plea was therefore not knowing and voluntary. In

support, Yates claims that upon being asked whether he was intoxicated, he paused for ten seconds and made only an unintelligible sound.

{¶ 11} We find no support for this claim in the record. We have reviewed the audiovisual recording of the proceeding and find that only two seconds passed before Yates responded with an audible "No." Nothing in Yates's verbal or physical behavior indicated intoxication. From the record, we cannot say that the trial court erred by finding that Yates's plea was knowing and voluntary. The first assignment of error is overruled.

III

{¶ 12} "The trial court erred by failing to remain neutral and detached when it engaged in extra-judicial investigation into the facts surrounding the case, and by conducting impermissible judicial fact-finding in violation of defendant's 6th Amendment rights as defined by *Blakely v. Washington*."

{¶ 13} Yates argues that the bondsperson's report was unsubstantiated and inaccurate and therefore the trial court erred in relying on it to enhance Yates's sentence. Yates cites *State v. Haynes* (June 1, 2001), Montgomery App. No. 18410, in arguing that the trial court could not use any part of the bondsperson's report to find extra aggravating factors when imposing sentence. Yates also claims that the trial court abused its discretion by obtaining the report through an extramural investigation. We disagree.

{¶ 14} Yates never objected to the use of the report, and the trial court never mentioned the report's criminal allegations when reciting its reasons for deciding on a five-year sentence. Thus, it is not clear from this record whether the trial court used the criminal allegations in the report as a basis for enhancing the sentence, or merely as a basis for

rejecting Yates's explanation for his failure to appear. Moreover, although the *Haynes* court discussed the need for assessing a document's reliability when it is used at sentencing, *Haynes* did not involve a broken plea condition, which, in this case, vitiated an agreed sentence.

{¶ 15} The record does not establish that the trial judge engaged in an extramural investigation. By Yates's own argument, the bondsperson had the motivation to act independently. Moreover, R.C. 2929.19(B)(1) requires a trial judge to consider the record and "any information presented at the hearing by any person" that is relevant to the imposition of sentence. Absent evidence to the contrary, we presume that the bondsperson presented the report on her own initiative, as the statute contemplates.

{¶ 16} Yates also claims that he never had a meaningful opportunity to withdraw his plea. He claims he tried to withdraw his guilty plea at the sentencing hearing before the judge cut him off with "[n]o, sir, this is my turn to talk now." Because no motion to withdraw the plea was ever made, we cannot speculate on what Yates might have said had the court let him speak. See *State v. Cooper*, Marion App. No. 9-08-42, 2009-Ohio-1922, ¶ 24 (because the trial court could not presume to know what the defendant might have said in mitigation, it could not presume to know how his statement might influence the trial court). We do know that upon introduction of the report, Yates wanted to say something. The issue, therefore, is whether the trial court erred in denying Yates a chance to speak at that time. That pertains to Yates's right of allocution, which we conclude may have been violated.

{¶ 17} R.C. 2929.19 and Crim.R. 32 govern the right of allocution. R.C. 2929.19(A) states: "At the hearing * * * with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the

offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender."

{¶ 18} Crim.R. 32(A) requires the trial court, at the sentencing hearing, to "(1) [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶ 19} The "Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green* (2000), 90 Ohio St.3d 352, 359-360. The Ohio Rules of Evidence do not apply at the sentencing hearing. Evid.R. 101(C)(3). The requirement of allocution is fulfilled when the court's conduct clearly shows the defendant and his counsel that each has a right to make a statement before sentence is imposed. *Defiance v. Cannon* (1990), 70 Ohio App.3d 821, 828.

{¶ 20} The defendant cannot waive the right before the court makes that personal address. *State v. Campbell* (2000)*,* 90 Ohio St.3d 320, 324-325. Otherwise, when a trial court violates a defendant's right of allocution, the sentence shall be reversed and the cause shall be remanded for resentencing, unless the error was invited or harmless*.* Id. at 326.

{¶ 21} A trial court errs when it does not let the defendant address new information introduced and considered by the trial court at sentencing. See *State v. Castle*, Lawrence App. No. 03CA24, 2004-Ohio-1992, ¶ 9; *State v. Sanders*, Cuyahoga App. No. 81450, 2003-Ohio-1163, ¶ 13 (trial court erred by not letting defendant address evidence introduced after defendant's statement, which the trial court considered before imposing sentence). The error is presumed prejudicial, because the defendant is prevented from speaking at the

appropriate time. *Sanders* at ¶ 13-16.

{¶ 22} Courts have found the prejudice presumption rebutted when the defendant declined to speak at the proper time or the new evidence is extraneous. See *State v. Storey*, Cuyahoga App. No. 87030, 2006-Ohio-3498, ¶ 40. The error will also be harmless when the defendant does not object to the new information or if the court's reasons for the enhanced sentence are unrelated to it. *State v. Clark*, Crawford App. Nos. 3-05-14 and 3-05-20, 2006-Ohio-1421, ¶ 7 (although the trial court erred in speculating about matters outside the record, reimposition of sentence was based on violations of the conditional suspension of sentence and not on the trial court's speculations).

{¶ 23} Here, the trial judge let Yates and his counsel speak at the start of the sentencing hearing. But after that, and before actually imposing sentence, the trial court discussed the bondsperson's report. The court used that new information to challenge Yates's statement. The court then imposed sentence without letting Yates speak again. The report therefore constituted new information presented at the hearing that was considered by the trial court after Yates made his statement, but before sentence was imposed.

{¶ 24} We know from the trial court's comments that defense counsel had been in contact with the court during Yates's absence. Perhaps he was apprised of the bail-bond information. We don't know. If he had been made aware, then Yates and his counsel had an opportunity for allocution at sentencing. Yates explained that he missed the original sentencing to care for his grandmother. The trial court then referred to the bail-bond report, which apparently belied that excuse.

{¶ 25} A sentencing court has broad discretion to allow the presentation of

information. "At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, * * * the presentence investigation report * * * and any victim impact statement * * *." R.C. 2929.19(B)(1). Such information may be considered as long as it is "relevant to the imposition of sentence in the case." R.C. 2929.19(A). Whatever the court considers for sentencing should be either part of the presentence investigation or "presented" at the sentencing hearing before allocution. Consistent with this process, the victim-impact statement statute specifically includes a right for the defendant to respond. "If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing * * * or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts." R.C. 2930.14(B). Thus, a defendant has an opportunity to contradict new material facts arising from the victim-impact statement, but only if the court is going to rely on them.

{¶ 26} In this case, we do not know whether Yates or his counsel had an opportunity to review the bond report prior to sentencing, and we do not know whether the trial court considered the bond-report information for any purpose other than contradiction of Yates's excuse for his absence. Upon remand, the trial court should determine, in logical sequence, whether it considered the bond report for purposes of sentencing, as opposed to Yates's excuse for his nonappearance. If the bond report was considered for sentencing, then the trial court should determine whether Yates or his counsel was apprised of the bond-report information before their opportunity for allocution. If not, then Yates should be given an opportunity to respond to the bond-report information before he is resentenced.

{¶ 27} We are concerned, also, that the report of the bail bondsperson, upon which the trial court may have relied in imposing sentence, is not part of the record on appeal. In reviewing the propriety of a trial court's sentencing decision, an appellate court must have before it the evidence and other information upon which the trial court relied in making its sentencing decision. Upon remand, if the trial court wishes to take the report of the bail bondsperson into consideration in determining a proper sentence, it should append it to, and preserve it with, the presentence-investigation report.

{¶ 28} Yates's second assignment of error is sustained, in part.

IV

{¶ 29} "The trial court erred when it failed to comply with O.R.C. 2929.14 by sentencing defendant to greater than the shortest term authorized by law on a first felony incarceration without making a finding that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public from future harm."

{¶ 30} Yates argues that the trial court did not make the findings required by R.C. 2929.14 when ordering a sentence above the minimum. But the Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing * * * more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.

{¶ 31} The trial court stated on the record that it had considered the principles and purposes of sentencing (per R.C. 2929.11) and the seriousness and recidivism factors (per

R.C. 2929.12) as well as the broken-plea condition and other factors in determining sentence. The sentence imposed was within statutory guidelines. Accordingly, Yates's third assignment of error is overruled.

V

{¶ 32} Yates's second assignment of error having been sustained in part, and his other assignments of error having been overruled, his sentence is reversed, and this cause is remanded for resentencing in accordance with this opinion.

. . . . . . . . . . . . .

Judgment reversed

and cause remanded.

FAIN, FROELICH, and HALL, JJ., concur.