[Cite as *State v. Santiago*, 2012-Ohio-1747.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97359**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CARLOS SANTIAGO

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549761

**BEFORE:** Kilbane, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 19, 2012

**ATTORNEY FOR APPELLANT**

Valentine Shurowliew
Stanley L. Josselson Co., LPA
The Marion Building, Suite 411
1276 West Third Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Katherine Mullin
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Carlos Santiago, appeals from his conviction for rape. For the reasons stated herein, we reverse and remand for resentencing.

**{¶2}** On May 13, 2011, defendant was indicted on four offenses involving a 12-year-old girl. Count 1 charged him with kidnapping, in violation of R.C. 2905.01(A)(4), with sexual motivation and sexually violent predator specifications. Counts 2, 3, and 4 charged him with rape, in violation of R.C. 2907.02(A)(1)(b), with sexually violent predator specifications.

**{¶3}** On August 11, 2011, the State deleted the specifications from the rape charge set forth in Count 2. Defendant pled guilty to this charge, and the remaining charges were dismissed.

**{¶4}** On August 31, 2011, the trial court sentenced defendant to nine years of imprisonment, and five years of postrelease control. Defendant now appeals, assigning two errors for our review.

**{¶5}** Defendant's first assignment of error states:

The trial court error in failing to provide Appellant with his right to allocution prior to the imposition of the prison sentence, postrelease control, and registration requirements.

**{¶6}** R.C. 2929.19 and Crim.R. 32 govern the right of allocution.

**{¶7}** R.C. 2929.19(A) states:

At the hearing * * * with the approval of the court, any other person

may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.

{¶8} Crim.R. 32(A)(1) provides:

Sentence shall be imposed without unnecessary delay.  * * *  At the time of imposing sentence, the court shall do all of the following:

(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

{¶9} In *State v. King*, 8th Dist. No. 95972, 2011-Ohio-3985, this court described the right of allocution as follows:

Under Crim.R. 32(A)(1), before imposing sentence, the trial court shall "afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The Ohio Supreme Court has held that the right of allocution is absolute and has indicated that trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. *State v. Green*, 90 Ohio St.3d 352, 358-359, 2000-Ohio-182, 738 N.E.2d 1208; *State v. Campbell*, 90 Ohio St.3d 320, 324-325, 2000-Ohio-183, 738 N.E.2d 1178.

{¶10} Consequently, a trial court is required to personally address the defendant and not only ask whether the defendant wishes to make a statement on his or her own behalf, but also whether that defendant wishes to present any information in mitigation of punishment. *State v. Lowe*, 8th Dist. No. 78021, 2001 WL 468536 (May 3, 2001).

Where a "trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *State v. Campbell*, 90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178, at paragraph three of the syllabus.

{¶11} In this matter, a review of the record shows that prior to sentencing, defendant's counsel stated as follows:

> He [defendant] asked me to apologize to you through me, apologize to you and apologize to the family.
>
> He realizes the mistake he's made and that it is very, very serious. He made a mistake in judgment, a mistake that brought about a really horrible thing. He realizes that he was acting very immaturely and wants to get on in this world right away.

{¶12} Defendant's counsel went on to remind the court that defendant has mental health issues, and that the matter has been assigned to the mental health docket. Defendant's counsel also noted that defendant had been gainfully employed and that he has a supportive family. In addition, the record further indicates that after defendant's counsel spoke, the court took a brief recess. It then imposed sentence. Following the imposition of sentence, the following exchange occurred on the record:

> THE COURT: I see you're shaking there. You shaking because of medication or are you shaking because of nerves? Are you shaking because of nerves or medication?
>
> THE DEFENDANT: I haven't had any medication.
>
> THE COURT: You have anything else to say?
>
> THE DEFENDANT: I want to say I'm very, very sorry for what I did.

{¶13} On this record, we find that the trial court erred in failing to ask defendant if he wanted to make a statement before imposition of sentence. Although the court afforded defendant's counsel an opportunity to speak on defendant's behalf, this met only part of the requirement of Crim.R. 32(A)(1). The court did not meet its absolute duty to address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. We therefore find that the trial court erred as a matter of law.

{¶14} The State maintains that defendant waived this issue and that any error is harmless. With regard to the waiver issue, we note that in *State v. Yates*, 95 Ohio App.3d 33, 2011-Ohio-3619, 958 N.E.2d 640, ¶ 20 (2d Dist.), the court held that a defendant cannot waive the right before the court personally addresses the defendant. In this matter, defendant did not waive the right, following a personal address from the court.

{¶15} As to whether the error is prejudicial, we note that in *State v. Reynolds*, 80 Ohio St.3d 670, 684, 1998-Ohio-171, 687 N.E.2d 1358, the court held that the failure to provide the defendant with the right of allocution does not always constitute prejudicial error. In that case, the defendant made an unsworn statement to the jury and sent a letter to the judge, and defense counsel made a statement to the judge on the defendant's behalf. The Ohio Supreme Court therefore concluded that because Reynolds had those opportunities to address the court, the error was harmless as matter of law.

{¶16} In this matter, however, the record contains no statements from the

defendant prior to the imposition of sentence, and the court did not address the defendant until after the sentence had been imposed. Further, the record indicates that defendant has mental health issues and the matter has been assigned to the mental health docket, so defendant's background may offer some mitigation. Therefore, we conclude that the error is not harmless. The matter must therefore be reversed and remanded for resentencing.

{¶17} The first assignment of error is sustained.

{¶18} Defendant's second assignment of error states:

The trial court erred in failing to adequately consider the sentencing factors

set forth in R.C. 2929.11 and R.C. 2929.12.

{¶19} In light of our disposition of the first assignment of error, this contention is moot and will not be addressed herein. App.R. 12(A)(1).

{¶20} Judgment reversed and remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR