**[Cite as *State v. Smith*, 2013-Ohio-2580.]**

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee                    :          C.A. CASE NO.    2012 CA 67

v.                                                       :          T.C. NO.    12CR161

RICO SMITH                                       :          (Criminal appeal from
                                                               Common Pleas Court)

    Defendant-Appellant               :

                                                        :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the    21st    day of    June    , 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P. O. Box 291771, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**    Rico Smith appeals from a judgment of the Clark County Court of Common Pleas, which sentenced him to one year in prison and a one-year driver's license suspension

for deception to obtain a dangerous drug, a fourth degree felony.

## I. Procedural History

{¶ 2} On March 5, 2012, Rico Smith was indicted for deception to obtain a dangerous drug, in violation of R.C. 2925.22(A), a third-degree felony, [1] and illegal processing of drug documents, in violation of R.C. 2925.23(B)(1). In August 2012, Smith pled guilty to deception to obtain a dangerous drug, as amended to a fourth-degree felony.[2] In exchange for the plea, the State agreed to dismiss the illegal processing of drug documents charge and to recommend community control. The court accepted Smith's plea of guilty to deception to obtain a dangerous drug and ordered a presentence investigation.

{¶ 3} Smith appeared for sentencing on September 18, 2012. After reviewing the presentence investigation report, hearing from Smith personally, and considering the arguments of counsel, the trial court concluded that Smith was not amenable to community

---

[1] Deception to obtain a dangerous drug can be a felony of the first, second, third, fourth, or fifth degree, depending on whether the defendant has a prior drug abuse conviction and the type and amount of drugs involved. R.C. 2925.22(B). Smith's indictment alleged that the drug involved was a Schedule III drug and "the amount of drug involved that could be obtained pursuant to the prescription would equal or exceed five times the bulk amount," which made the charge a third-degree felony. R.C. 2925.22(B)(3)(c).

[2] The record contains conflicting information regarding the charge to which Smith pled. At the plea hearing, the court and defense counsel both stated that the deception charge had been amended from a third-degree felony to a fourth-degree felony, and Smith pled guilty to deception to obtain a dangerous drug as a fourth-degree felony. The plea form stated, however, that Smith pled guilty to *attempted* deception to obtain a dangerous drug, a fourth degree felony. At sentencing, the trial court noted that the matter was "scheduled for disposition, Defendant having been found guilty on a plea of guilty to attempted deception to obtain a dangerous drug." The court's subsequent judgment entry, however, found that Smith "entered a plea of guilty to the charge of Deception to Obtain a Dangerous Drug, a violation of [R.C.] 2925.22(A), a felony of the fourth degree * * *." The parties' appellate briefs agree that Smith pled guilty to attempted deception to obtain a dangerous drug.

The discrepancies are confusing, at best. Nevertheless, Smith orally pled guilty to deception to obtain a dangerous drug as a fourth-degree felony, and the court's judgment entry references that offense. In addition, the sole issue raised on appeal relates to Smith's prison sentence, and whether Smith actually pled guilty to deception or attempted deception, both fourth-degree felonies, has no effect on our analysis of that issue or the sentence imposed.

control.   The court reasoned:

> The activity involved in this matter was going into a pharmacy with a forged prescription and trying to buy hydrocodone at five times the bulk amount.
>
> The Defendant is a resident of the State of Tennessee.   He has denied any source of income, says that he was paying for the prescriptions with his girlfriend's social security check, and that he was buying prescriptions for personal use for party purposes.   He was convicted of doing the same thing in Warren County.   According to the investigative notes from the Warren County Drug Task Force, he's been identified or on videos of doing this in other areas in the State of Ohio.
>
> The drug task force in Warren County has been investigating for some time an operation where individuals are being paid to come into the State of Ohio with prescriptions being prepared by other persons to come up and get false prescriptions and then bring the drugs back and are being paid by prescription.   The Defendant has been identified as one of those individuals that were involved in this operation, which makes more sense tha[n] somebody coming from the state of Tennessee to the State of Ohio without any employment income or source of income other than his girlfriend's social security check to buy hydrocodone for any personal purposes.   I find that this offense as committed was an offense for hire or part of an organized criminal activity.

{¶ 4} Defense counsel objected to the trial court's finding that Smith had committed an offense for hire or as part of an organized criminal activity. The court responded that it was permitted to "take these things into consideration. It does not change the nature of the offense to which he's been found guilty or the degree of the offense. It simply allows me to place these activities into perspective. This is not a one-time offense."

{¶ 5} The trial court sentenced Smith to one year in prison, suspended Smith's driver's license for one year, and ordered Smith to pay court costs. Smith appeals from the trial court's judgment, raising one assignment of error.

*II. Trial Court's Imposition of a Prison Term*

{¶ 6} Smith's sole assignment of error states:

THE COURT'S IMPOSITION OF A PRISON TERM IS VIOLATIVE OF THE SENTENCING PROVISIONS OF R.C. 2929.13.

{¶ 7} In his assignment of error, Smith claims that the trial court improperly relied on his prior felony conviction in Warren County and notes from the Warren County Drug Task Force in finding that his offense was committed for hire or as part of an organized criminal activity under R.C. 2929.13(B)(2)(e). Smith asserts that the trial court's sentence should have been based only on "the underlying offense for which appellant was being sentenced." Smith further argues that the trial court "did not specifically state that it had considered the factors set forth in [R.C. 2929.12] prior to imposing a prison term."

{¶ 8} At the time of Smith's offense and sentencing, R.C. 2929.13 provided in part[3]:

---

[3] The current version of R.C. 2929.13(B)(1)(a) restates former R.C. 2929.13(B)(1)(a)(i) as two separate conditions: "(i)

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

\* \* \*

{¶ 9} The record reflects that Smith was convicted of deception to obtain a dangerous drug, a third-degree felony, and theft, a fifth-degree felony, in Warren County in May 2012, based on conduct that occurred in October 2011. Smith committed the Clark County offenses in November 2011, and was sentenced in September 2012. The parties agree that R.C. 2929.13(B)(1)(a) was inapplicable and thus the trial court was not required to impose community control.

{¶ 10} R.C. 2929.13(B) further provided, in part:

(2) If division (B)(1) of this section does not apply, except as provided in division (B)(3), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine

---

The offender previously has not been convicted of or pleaded guilty to a felony offense," and "(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed." *See* 2012 Am.Sub.S.B. 160, effective March 22, 2013.

whether any of the following apply:

\* \* \*

(e) The offender committed the offense for hire or as part of an organized criminal activity.

\* \* \*

(3)(a) If the court makes a finding described in division (B)(2)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.

(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(2)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.

{¶ 11} Smith's sole claim is that the trial court "based its finding on appellant's prior felony offense in Warren County and notes from the Warren County Drug Task Force,

rather than on the underlying offense for which appellant was being sentenced." "A sentencing court has broad discretion to allow the presentation of information." *State v. Yates*, 195 Ohio App.3d 33, 2011-Ohio-3619, 958 N.E.2d 640, ¶ 25 (2d Dist.). Before sentence is imposed, the offender, the prosecuting attorney, the victim (or the victim's representative), and with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. R.C. 2929.19(A). The court must consider, before imposing sentence, any information presented by those individuals, the record, the presentence investigation report, if any, and any victim impact statement. R.C. 2929.19(B)(1). "Whatever the court considers for sentencing should be either part of the presentence investigation or 'presented' at the sentencing hearing before allocution." *Yates* at ¶ 25.

{¶ 12} A presentence investigation report was prepared prior to sentencing. The report detailed the facts underlying the offense, Smith's criminal record (including the Warren County convictions), and summaries of Smith's employment history, family life, health, and financial condition. The indictment, arrest reports, and an Ohio Risk Assessment System report were attached to the report. It is unclear how the trial court was presented with the alert from the Warren County Drug Task Force and the Warren County indictment, but those documents were before the trial court and considered by the court at sentencing. We have reviewed all of the documents.

{¶ 13} The trial court was specifically authorized to rely on the presentence investigation report and the information contained therein, including the Warren County convictions. The court was also allowed to consider additional documentation provided by

the parties, such as the Warren County Drug Task Force alert and the Warren County indictment. Nothing in the record suggests that Smith was unaware of these documents and/or was surprised by the court's consideration of the documents. Although Smith objected to the trial court's finding that Smith's offense in this case was committed for hire or as part of an organized criminal activity, Smith did not challenge the accuracy of the information that the court relied upon or seek to respond to that information. Based on the record before us, we cannot conclude that the trial court erred in sentencing Smith based on the information before it.

{¶ 14} Smith further claims that, even if the court properly found that he committed the offense for hire or as part of an organized criminal activity, the trial court failed to consider the factors set forth in R.C. 2929.12, as required by R.C. 2929.13(B)(3). Smith emphasizes that the trial court did not expressly state that it had considered those factors prior to imposing his sentence.

{¶ 15} The trial court did not have to make any specific findings to demonstrate its consideration of R.C. 2929.11 and R.C. 2929.12. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *State v. Wagner*, 2d Dist. Clark No. 2011 CA 27, 2012-Ohio-2791, ¶ 10. Where the record is silent, a presumption exists that the trial court has considered the factors contained in R.C. 2929.12. *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus. Further, where the defendant's sentence is within the statutory limits, as was the case here, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors. *State v. Cemino,* 2d Dist. Montgomery No. 24442, 2011-Ohio-5690, ¶ 6. The defendant has an

affirmative duty to show otherwise.  *Id.*

{¶ 16}  The trial court did not expressly mention R.C. 2929.12 at sentencing. However, at sentencing, the trial court reviewed the information in the presentence investigation report, as well as the Warren County Drug Task Force alert, and discussed the fact that Smith had come from Tennessee to Ohio, without having employment or another source of income, solely to buy hydrocone, which Smith asserted was for his own "personal use."  The trial court commented that "[t]his is not a one-time offense."  In addition, the trial court's sentencing entry states, in part:

> This Court has considered the record, oral statements, any victim impact statement, the presentence report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution and the sentencing guidelines contained in R.C[.] 2929.13.  The Court is guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the offender and others and punishment of the offender, using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden of state or local government resources[.]

> The Court further finds the following factors apply regarding the offender, the offense or the victim, pursuant to R.C. 2929.12(B):

> The defendant committed the offense for hire or as part of an

organized criminal activity.

Based on the record, we find no basis to conclude that the trial court failed to consider the statutory factors contained in R.C. 2929.12.

**{¶ 17}** Smith's assignment of error is overruled.

*III. Conclusion*

**{¶ 18}** The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and DONOFRIO, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Lisa M. Fannin
J. David Turner
Hon. Richard J. O'Neill