[Cite as *State v. Yates*, 2013-Ohio-3388.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                          :
                                       :        Appellate Case No. 25308
        Plaintiff-Appellee             :
                                       :        Trial Court Case No. 09-CR-3827
v.                                     :
                                       :
REJUAN YATES                           :        (Criminal Appeal from
                                       :         Common Pleas Court)
        Defendant-Appellant            :
                                       :
                          . . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of August, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O.
Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

REJUAN YATES, #A628-593, London Correctional Institution, Post Office Box 69, London,
Ohio 43140-0069
        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Rejuan Yates appeals from an order dismissing his

petition for post-conviction relief. Yates contends that the trial court erred in finding that his petition was untimely. Yates further contends that he submitted sufficient evidence to establish ineffective assistance of trial counsel.

{¶ 2}    We conclude that Yates's petition for post-conviction relief was untimely. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3}    In February 2010, pursuant to a negotiated plea agreement, with a motion to suppress pending, Rejuan Yates pled guilty to Possession of Heroin, a second-degree felony. The plea agreement provided for a two-year sentence. Before releasing him on bond, the trial court made it clear to Yates that this two-year sentence was conditioned on Yates appearing at his presentence-investigation interview and appearing at his March 10 sentencing hearing. The trial court explained that it could sentence him to up to eight years if he failed to show up at the interview and sentencing hearing.

{¶ 4}    Yates failed to show up for either the interview or sentencing hearing. The trial court issued a warrant for his arrest, and Yates was later found and arrested in Cincinnati. After the sentencing hearing, the trial court imposed a five-year prison sentence and a fine of $7,500. Yates appealed from his conviction and sentence. We reversed the sentence imposed on Yates, because it was unclear whether Yates or his counsel had an opportunity to review a bond report prior to sentencing and whether the trial court considered the bond report for purposes of sentencing. We remanded the cause for resentencing. *State v. Yates*, 195 Ohio App.3d 33, 2011-Ohio-3619, 958 N.E.2d 640 (2d Dist.).

{¶ 5}   On remand, the trial court again imposed a prison sentence of five years.   Yates appealed from his sentence, raising five assignments of error relating to his prison sentence and fine.   We overruled the five assignments of error and affirmed.   *State v. Yates*, 2d Dist. Montgomery No. 24823, 2012-Ohio-1781.

{¶ 6}   On April 11, 2012, Yates filed a petition for post-conviction relief, contending that his trial counsel provided ineffective assistance of counsel by failing to investigate material witnesses and by using incorrect information to coerce Yates into entering a guilty plea.   The State moved to dismiss the petition as untimely, contending that Yates failed to comply with the 180-day filing requirement in R.C. 2953.21(A)(2).   The trial court dismissed Yates's petition for post-conviction relief as untimely.

{¶ 7}   From the order dismissing his petition, Yates appeals.

## II. Yates's Petition Is Untimely

{¶ 8}   Yates's Second Assignment of Error states:

PETITIONER STATES THAT THE TRIAL COURT ABUSED ITS DISCRETION THE PETITIONER SHOWED A[N] APPROPRIATE JUSTIFICATION FOR DELAY IN FILING HIS PETITION FOR POST-CONVICTION RELIEF - FURTHER THE PETITIONER[']S COUNSEL WAS INEFFECTIVE TRIAL COUNSEL THE PETITIONER DID NOT FIND THE EVIDENCE RELATED TO HIS COUNSEL[']S INEFFECTIVE ASSISTANCE UNTIL HE RECIEVED [SIC] A LETTER, AND FOUND HIS COUNSEL PROVIDED THE WRONG CASE AUTHORITY, AND COUNSEL

FAILED TO INVESTIGATE ELAINE DRAKE, AND ALTON EVERETT, AND LAQUITE BODY, FURTHER THE ATTORNEY FAILED TO INVESTIGATE DETECTIVE DAVID HOUSE AS WELL.

{¶ 9} R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. Although Yates was subsequently re-sentenced because his initial *sentence* was reversed, a re-sentencing hearing does not restart the clock for post-conviction relief purposes in relation to any claims attacking the *conviction* underlying the sentence. *State v. Dawson*, 2d Dist. Greene No. 2012-CA-54, 2013-Ohio-1817, ¶ 11-13. In his petition for post-conviction relief, Yates raises attacks against his original conviction, not against his re-sentencing. His petition for post-conviction relief, having been filed on April 11, 2012, was filed more than 180 days after the filing of the transcript in his direct appeal on October 22, 2010; therefore, it is untimely.

{¶ 10} R.C. 2953.23(A)(1) provides, however, that a court may consider a petition for post-conviction relief filed after the expiration of the 180-day period if both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition

asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 11} In support of his petition for post-conviction relief, Yates submitted affidavits of himself, Elaine Drake, Alton Everett, and Yates's girlfriend. Drake and Everett allegedly witnessed Yates's arrest and the constitutional violations that Yates claims in his petition. The trial court reviewed the petition and affidavits and found that Yates failed to satisfy the requirements of R.C. 2953.23(A)(1). The trial court stated, in part:

By his own admission in his Petition, both Drake and Everett were subpoenaed and appeared at the time of the scheduled hearing on Yates' Motion to Suppress. Further, there is no evidence that Yates was unavoidably prevented from finding the evidence that he certainly was aware of at the time the motion to suppress was filed, particularly because he could have testified about the alleged constitutional violations. Instead, the Petition is focused on the merits of the Motion to Suppress, and not on any alleged ineffective assistance of counsel. * * * [T]he court finds that Yates was not unavoidably prevented from finding the evidence that he claims supports his argument that his counsel was less than effective. * * * The court need not address the merits of the untimely Petition, as

this court lacks jurisdiction to consider the same.

Dkt. 14, p. 4.

{¶ 12}  We have reviewed the record before us, including the affidavits submitted in support of Yates's petition for post-conviction relief.  Elaine Drake stated in her affidavit that she and her boyfriend witnessed the police attempting to search Yates.  She also stated that she came to the courthouse with her boyfriend on February 10, 2010, presumably to testify at the suppression hearing about what she had witnessed.  But Yates's counsel met her at the court on that day and told her that her testimony was no longer needed.  Alton Everett, who apparently is Drake's boyfriend, completed an affidavit with averments similar to those in Drake's affidavit.  Yates's girlfriend also executed an affidavit.  She recounted the events from the day on which Yates was searched by the police.  Yates also prepared two affidavits in which he recounted the events from the day on which the police conducted a search of his person.  Yates stated that he made his trial attorney aware of the fact that there were other witnesses to the events of that day.

{¶ 13}  The affidavits submitted by Yates fail to establish that he "was unavoidably prevented from discovery of the facts upon which" he must rely to present his claim for relief.  R.C. 2953.23(A)(1)(a).  To the contrary, Drake's affidavit states that she and her boyfriend were prepared to testify at the time of the suppression hearing regarding the facts alleged in their affidavits.  They in fact were scheduled to do so.  When Yates pled guilty, their testimony became unnecessary.  Yates's affidavit also establishes that he was aware of the eyewitnesses well before the expiration of the 180-day filing period prescribed by R.C. 2953.21.  The fact that Drake and Everett may have moved to another location at some time after Yates's conviction does not establish that Yates was "unavoidably prevented" from discovering facts crucial to his

petition.

{¶ 14} Yates also contends that he was unavoidably prevented from discovering his trial counsel's ineffectiveness until after the 180-day filing period. According to Yates, his trial counsel mistakenly relied on a decision of the United States Supreme Court when advising Yates to accept a plea bargain with the State rather than going forward with the suppression hearing. However, even if we were to assume that trial counsel did in fact make a mistake in relying on the Supreme Court case, Yates did not establish that he was unavoidably prevented from discovering this allegedly erroneous reliance by his trial counsel prior to the expiration of the 180-day filing period. To the contrary, Yates concedes that his trial counsel referred to the Supreme Court case when he was deciding whether to accept the plea bargain with the State.

{¶ 15} Finally, Yates mentions in his appellate brief the United States Supreme Court decision in *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Yates appears to be contending that the *Frye* case "recognized a new federal or state right that applies retroactively to" him, and that his petition asserts a claim based on that right. R.C. 2953.23(A)(1). We do not agree.

{¶ 16} In *Frye*, the Court held that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. Defense counsel failed to do so in *Frye*. Consequently, trial counsel in *Frye* did not render the effective assistance the Sixth Amendment to the United States Constitution requires when counsel allowed the prosecution's offer to expire without advising the defendant or allowing him to consider it. *Id.*

{¶ 17} Yates does not explain how the *Frye* case recognized a new federal or state right

that applies to him, or how in his petition for post-conviction relief he is asserting this new right. His factual circumstances are inapposite to those in *Frye*. Furthermore, the *Frye* Court explained that a 1985 decision of the Court had established that claims of ineffective assistance of counsel in the plea-bargain context are governed by the two-part test set forth in *Strickland*. *Frye* at 1405, citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Frye* court explained that the Court's previous cases had involved claims that the prisoner's plea of guilty was invalid because counsel had provided incorrect advice pertinent to the plea, which is what Yates contends in his petition. The *Frye* case, by contrast, did not involve a challenge to the advice pertaining to a plea that was accepted, but involved instead the course of legal representation preceding that plea, in which it was claimed that trial counsel had failed in his duty of representation with respect to previous potential pleas and plea offers. *Id.* at 1406.

{¶ 18} Yates failed either to file his petition for post-conviction relief within the 180 days prescribed in R.C. 2953.21, or to establish that he met the conditions in R.C. 2953.23(A)(1) that would allow the trial court to excuse the untimely filing. Therefore, the trial court did not err in dismissing Yates's petition for post-conviction relief as untimely.

{¶ 19} Yates's Second Assignment of Error is overruled.

### III. Yates's First Assignment of Error Is Overruled as Moot

{¶ 20} Yates's First Assignment of Error states:

COUNSEL WAS INEFFECTIVE UNDER THE UNITED STATES CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE 1 §§ 1, 2, 5, 9, 10,

16, AND 20 WHEN HE FAILED TO INVESTIGATE MATERIAL WITNESSES THAT WOULD HAVE PROVIDED A COMPLETE DEFENSE TO THE PETITIONER'S CHARGE AND USED INCORRECT INFORMATION TO COERCE THE PETITIONER INTO ENTERING A PLEA BARGAIN.

**{¶ 21}** Based on our disposition of Yates's Second Assignment of Error, in Part II above, we need not address the merits of Yates's contention that he received ineffective assistance of trial counsel. Therefore, Yates's First Assignment of Error is overruled as moot.

## IV. Conclusion

**{¶ 22}** Both of Yates's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Rejuan Yates
Hon. Mary K. Huffman