[Cite as *State v. Long*, 2016-Ohio-5345.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-150713
                                           TRIAL NO. B-1503125
    Plaintiff-Appellee,       :
                                           *O P I N I O N.*
  vs.                             :

KEITH LONG,                       :

    Defendant-Appellant.      :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 12, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ravert J. Clark*, for Defendant-Appellant.

**FISCHER, Presiding Judge.**

{¶1}   Following a guilty plea, defendant-appellant Keith Long was convicted of one count of violating a protection order as a fifth-degree felony under R.C. 2919.27(A)(2).  We find no merit in his sole assignment of error, and we affirm his conviction.

{¶2}   In his sole assignment of error, Long contends that the trial court erred in denying his right of allocution.  He argues that the court refused to allow him to address the court regarding information introduced at the sentencing hearing after he had already addressed the court.  This assignment of error is not well taken.

{¶3}   Crim.R. 32(A)(1) provides that "[a]t the time of imposing sentence, the court shall * * * [a]fford counsel the opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."  The right of allocution belongs to the defendant himself.  *State v. Osume*, 1st Dist. Hamilton No. C-140390, 2015-Ohio-3850, ¶ 23.  The failure to afford a defendant his right of allocution is not insignificant.  *State v. Crawley*, 1st Dist. Hamilton Nos. C-150503 and C-150422, 2016-Ohio-658, ¶ 8.  "A Crim.R. 32 inquiry is much more than an empty ritual:  it represents a defendant's last opportunity to plead his case or express remorse."  *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000); *Crawley* at ¶ 8.

{¶4}   Trial courts must "painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution."  *Green* at 359; *State v. Brown*, 1st Dist. Hamilton No. C-140509, 2015-Ohio-2960, ¶ 5.  If a trial court imposes sentence without first asking the defendant if he wants to exercise the right of allocution, resentencing is required

2

unless the error is invited or harmless error. *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph three of the syllabus; *State v. Jackson*, 1st Dist. Hamilton No. C-140384, 2015-Ohio-2171, ¶ 7.

{¶5} At the sentencing hearing, the trial judge said to Long, "[D]oes the defendant have anything to say before I pass sentence?" Long then apologized and promised that he would have "no further contact with [the victim] for the rest of [his] life." The trial court replied, "I don't know why you haven't figured that out from the prior domestic violences you have with various and sundry women, she's not the first women." Long's counsel acknowledged the truth of the statement, but noted that there had not been any violence with the victim in this case. Long added, "Never been any violence." The trial court referred to the presentence investigation ("PSI") and stated, "He has touched her before and got a history of carrying on and doing physical violence." Long then asked if he could say something, and the trial court told him, "No." It stated, "I'm not gonna go back and forth. I'm done. I listened to you."

{¶6} Long contends that he was not allowed to speak at the appropriate time because the court refused to let him say anything after the discussion of information in the PSI. He relies on *State v. Sanders*, 8th Dist. Cuyahoga No. 81450, 2003-Ohio-1163, and *State v. Yates*, 195 Ohio App.3d 33, 2011-Ohio-3619, 958 N.E.2d 640 (2d Dist.). But both of those cases involved situations where the court did not allow the defendant to address new information that had not previously been discussed and of which the defendant may have been unaware. Therefore, the defendant was not able to personally address that new information. *See Sanders* at ¶ 12-13; *Yates* at ¶ 21-26.

**{¶7}**     In this case, the trial court addressed Long, specifically asked him if he had anything to say, and listened to him when he spoke.  *Compare Crawley*, 1st Dist. Hamilton Nos. C-150403 and C-150422, 2016-Ohio-658, at ¶ 8-10; *State v. Castle*, 4th Dist. Lawrence No. 03CA24, 2004-Ohio-1992, ¶ 10 (the court did not personally address the defendant and give him a right to speak).  The record shows that Long had the PSI report and victim-impact statement before the sentencing hearing.  He knew their contents and had an opportunity to address that information when the court specifically asked him if he had anything to say.  *See State v. Robles*, 7th Dist. Mahoning No. 06-MA-112, 2007-Ohio-5241, ¶ 42-46.   Under the circumstances, Long was not denied the right of allocution.  We overrule his sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.


**DEWINE** and **STAUTBERG, JJ.,** concur.


Please note:

The court has recorded its own entry this date.