[Cite as *State v. Pate*, 2013-Ohio-3740.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130109 |
| | | C-130110 |
| Plaintiff-Appellee, | : | C-130112 |
| | | TRIAL NOS. 12CRB-37258A |
| vs. | : | 12CRB-37258B |
| | | 12CRB-39325 |
| DAMON PATE, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 30, 2013

*John P. Curp,* City Solicitor*, Charles A. Rubenstein,* City Prosecutor*,* and *Melanie J. Reising,* Assistant City Prosecutor*,* for Plaintiff-Appellee,

*Christine Jones*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     Damon Pate threatened to shoot his ex-wife during a domestic dispute, and then ignored a protective order requiring that he not contact her.    As a result, he was convicted of three misdemeanors:    threat of domestic violence, aggravated menacing and violation of a protective order.    We affirm his convictions, but we must remand for resentencing:  the state concedes—and we agree—that the trial court should have merged the aggravated-menacing and domestic-violence convictions at the time of sentencing because they are allied offenses of similar import.

{¶2}     The victim in this case, Lavette Banks, testified that on December 5, 2012, Mr. Pate, her ex-husband, was living with her.  As she tells it, when she returned home from a doctor's appointment, Mr. Pate was agitated and began screaming at her.  Mr. Pate grabbed the waistline of his pants, where he normally kept a gun, and threatened to shoot her and her nephews.  At the time of the incident, Ms. Banks was on the telephone with her sister, who called 911 when she heard Mr. Pate's threats.

{¶3}     Two police officers responded to the scene.    Officer Willie Coman testified that he told Ms. Banks that because Mr. Pate was a resident of the apartment, he could not order Mr. Pate to leave.  But when Ms. Banks informed the officers that Mr. Pate had threatened her with a gun, Officer Coman arrested him.  According to Officer Coman, when no gun was found, Ms. Banks told the officers that Mr. Pate had passed the gun over the apartment's balcony to a friend.

{¶4}     On the day of Mr. Pate's arrest, the court issued a temporary protection order, prohibiting him from contact with Ms. Banks.  Mr. Pate's counsel stipulated that Mr. Pate had received notice of the protection order.  According to Ms. Banks, Mr. Pate called her repeatedly from the Hamilton County Justice Center after the protection order had been issued.

{¶5}    At the conclusion of the testimony, the trial court found Mr. Pate guilty as charged.  For each count, the trial court sentenced him to 180 days' incarceration and a $100 fine.  The sentences for threat of domestic violence and aggravated menacing were made concurrent with each other and consecutive to the sentence for violating the protection order, for an aggregate jail term of 360 days.

{¶6}    We consider Mr. Pate's first two assignments of error together.  In the first, he asserts that his convictions were based on insufficient evidence, and in the second, he asserts that his convictions were against the manifest weight of the evidence.

{¶7}    As to the sufficiency argument, our review of the record reveals that the state adduced substantial, credible evidence from which the trial court could have reasonably concluded that the state had proved beyond a reasonable doubt the elements of the offenses for which Mr. Pate was found guilty. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶8}    In regard to the manifest-weight argument, our review of the entire record fails to persuade us that the trial court clearly lost its way and created such a manifest miscarriage of justice that we must reverse Mr. Pate's convictions and order a new trial. *See State v. Thompkins*, 78 Ohio St.3d 380, 386-87, 678 N.E.2d 541 (1997).  It was for the trial court to assess Ms. Banks's credibility.  The first and second assignments of error are overruled.

{¶9}    Mr. Pate's third assignment of error is that the trial court abused its discretion when it imposed an aggregate jail term of 360 days.  We presume that the trial court considered the misdemeanor sentencing purposes and considerations set forth in R.C. 2929.21 and 2929.22. *See State v. Brown*, 1st Dist. Hamilton Nos. C-100309 and C-100310, 2011-Ohio-1029, ¶ 14.  The court had before it evidence of a prior domestic-violence conviction for Mr. Pate, his violation of the protective order shortly after his arrest on the present charges, and, according to Ms. Banks's

testimony, his possession of a firearm. In light of this evidence, we conclude that the court did not abuse its discretion. The third assignment of error is overruled.

{¶10} In his fourth assignment of error, Mr. Pate asserts that the trial court erred when it convicted him of both threat of domestic violence and aggravated menacing because the offenses are allied offenses of similar import. *See* R.C. 2941.25. The state concedes that Mr. Pate should have been convicted of only one of the offenses. To prove that Mr. Pate was guilty of threat of domestic violence, the state needed to show that he had knowingly caused Ms. Banks to believe he would cause imminent harm to her. R.C. 2919.25(C). Proof of aggravated menacing required the state to show that Mr. Pate knowingly caused Ms. Banks to believe that he would cause serious physical harm to her. R.C. 2903.21(A). The state relied upon the same conduct—his threatening her with a gun—to support both offenses. *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061; *see also State v. Hodges*, 1st Dist. Hamilton No. C-110630, 2013-Ohio-1195, ¶ 6. We sustain the fourth assignment of error, vacate the sentences for threat of domestic violence and aggravated menacing, and remand the cause for sentencing in accordance with the state's election. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraphs one and two of the syllabus. In all other respects, the judgment of the trial court is affirmed.

Judgment accordingly.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J**., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.