[Cite as *State v. Brown*, 2015-Ohio-2960.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140509 |
| | | TRIAL NO. 14CRB-12702 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| VIVIAN BROWN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 24, 2015

*Paula Boggs Muething,* City Solicitor, *Heidi Rosales*, City Prosecutor, and *Eric Cook*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle,* Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**S**YLVIA **S**IEVE **H**ENDON, **Presiding Judge.**

{¶1}    Vivian Brown appeals the judgment of the Hamilton County Municipal Court sentencing her to 180 days in jail for theft.   On appeal, she argues that the trial court erred by failing to allow defense counsel to speak on her behalf, by denying her the right of allocution, and by sentencing her to the maximum jail term.  We find no merit in Brown's arguments, and we affirm the trial court's judgment.

{¶2}    At Brown's bench trial, the state presented evidence that she stole a textbook from the Cincinnati State bookstore.   The evidence demonstrated that Brown had left the bookstore with four textbooks after paying for only three of them.  While she was in the bookstore, she had concealed a fourth textbook, and then left the bookstore without paying for it.

*The Sentencing Hearing*

{¶3}    At the conclusion of the trial, the trial court found Brown guilty of theft and explained its decision.  During the court's explanation, the following exchange occurred:

THE COURT:  * * * and you left with the four books, there's no evidence that you subsequently purchased this --

THE DEFENDANT:  There was only three books.

THE COURT:  Oh, no, you didn't.

THE DEFENDANT:  It was only three books.

THE COURT:  The finding is guilty.

UNIDENTIFIED WOMAN:  Bulls**t.

THE COURT:  Finding is guilty.

UNIDENTIFIED WOMAN: It ain't over. We're going to appeal it.

THE DEFENDANT: It ain't over.

CRIMINAL BAILIFF: Everybody outside, please.

UNIDENTIFIED WOMAN: Bulls**t.

CRIMINAL BAILIFF: Go on outside.

UNIDENTIFIED WOMAN: My sister is not a thief. Not never.

UNIDENTIFIED WOMAN: She had no reason - -

THE DEFENDANT: That's all right you all.

THE COURT: No, no, no. Wait a minute. Have them come back in. We're going to see who is going to leave here today and who is going to go with you. You have them come back in here. I want the record to know that it's five minutes 'til 9:00. You get me a contempt citation.

UNIDENTIFIED WOMAN: I said that my sister is not a thief.

THE COURT: No, you have no right to say anything.

UNIDENTIFIED MAN: Everybody is wrong.

THE COURT: Let me say this to you, she's going to go home today but you won't.

UNIDENTIFIED WOMAN: Okay.

THE COURT: You are not going to disrupt my court.

UNIDENTIFIED WOMAN: All I said is my sister is not a thief.

THE COURT: You don't have to say anything.

UNIDENTIFIED WOMAN: Okay.

THE COURT:  She had no business interrupting me.

UNIDENTIFIED WOMAN:  Okay.

THE COURT:  Let her talk because I want the record to put up everything because you're not going to go home.  You're not going to come in this courtroom and act like you're in the streets.

You have a right to appeal this court's decision.

THE DEFENDANT:  You accused me of something that I didn't do, okay, and I ain't used to that.  So now. . .

THE COURT:  I want the record to reflect that it's five minutes until 9:00.

THE DEFENDANT:  And it's bulls**t.  It was three books.  It was not four.  You got that?  If you look at the video, it was three books.

CRIMINAL BAILIFF:  Ma'am - -

THE DEFENDANT:  I'm going to go to jail again because you're all full of s**t.

CRIMINAL BAILIFF:  Ma'am.

THE DEFENDANT:  F**k you.

THE COURT:  No.

THE DEFENDANT:  Take me.  I don't give a f**k.

THE COURT:  Put them on her.

THE DEFENDANT:  All of you are full of s**t.

You go.  You don't want to go to jail.

UNIDENTIFIED WOMAN:  I'll go to jail.

UNIDENTIFIED WOMAN:  Don't hit me.  The lady said I have to go to jail.

THE COURT:  I did not say you had to - - I did not.

THE DEFENDANT:  You can say whatever you all want to say, and it's supposed to be all right.  There was only three motherf**king books.

THE COURT:  Make sure you get all of that.

THE DEFENDANT:  There was only three.  Look at the motherf**king video.  It was only three.  F**k you.  You are all full of s**t.  That's what - - you're all full of s**t.

THE COURT:  The sentence is 180 days.  Get her out of here.

THE DEFENDANT:  Take me to jail.  You are all full of s**t.

THE COURT:  You all wait.

You take her out of here.  Get them to come and get her.

THE DEFENDANT:  You are all full of s**t.  You don't even know how to - - you just bring s**t on people.  I didn't steal the motherf**king book.  It was only three.

* * *

THE COURT:  All right.  [Defense counsel] Mr. Inderhees, I'm not through yet.

MR. INDERHEES:  Yes.

THE COURT:  She did - - I sentenced her to 180 days and costs. You do whatever you think you need to do.

{¶4}   In her sole assignment of error, Brown argues that the trial court erred by failing to comply with Crim.R. 32 at the time of sentencing and by failing to comply with R.C. 2929.22 when it imposed the maximum jail term.  Specifically, she contends that the court denied her the right of allocution, failed to allow defense counsel to speak on her behalf, and sentenced her to the maximum sentence without considering the appropriate sentencing factors.

### The Right of Allocution

{¶5}   Crim.R. 32(A)(1) provides:  "At the time of imposing sentence, the court shall * * * [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."   The Ohio Supreme Court has held that "[t]rial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution." *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000).

{¶6}   When imposing sentence, it is not enough for a trial court to simply give defense counsel the opportunity to speak on the defendant's behalf. *See Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).  As the United States Supreme Court has explained, "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Id.*  The right of allocution belongs to the defendant. *See State v. Thompson,* 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981, ¶ 5.  Therefore, "trial judges should leave no doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Green* at 305.  This is because "[a] Crim.R.

32 inquiry * * * represents a defendant's last opportunity to plead his case or express remorse." *Green*, 90 Ohio St.3d at 359-360, 738 N.E.2d 1208.

{¶7} When imposing sentence, the trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. *See* Crim.R. 32(A); *Green*, 90 Ohio St.3d at 359-360, 738 N.E.2d 1208. If a trial court imposes sentence without first asking the defendant if she wants to exercise the right of allocution, resentencing is required unless the error is invited error or harmless. *See State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph three of the syllabus.

{¶8} This court has held that a trial court errs by failing to comply with Crim.R. 32(A)(1) by personally addressing a defendant at sentencing to determine if he wishes to exercise his right of allocution. *See Thompson*, 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981; *State v. Jackson*, 1st Dist. Hamilton No. C-140384, 2015-Ohio-2171. In *Thompson*, we found that the error was harmless where the defendant requested and was granted an opportunity to personally address the court and make his case in mitigation before the court finally pronounced sentence. *See Thompson* at ¶ 12-13. But more recently, in *Jackson*, we held that the error was not harmless where the defendant had twice requested, but was not granted, an opportunity to address the court and make his mitigation before the court pronounced sentence, where defense counsel was not afforded an opportunity to address the court on behalf of the defendant, and where the trial court sentenced the defendant to the maximum prison term. *See Jackson*, 1st Dist. Hamilton No. C-140384, 2015-Ohio-2171.

{¶9} In this case, unlike *Jackson*, the trial court afforded the defendant and defense counsel the opportunity to present information in mitigation of punishment. Despite this opportunity, counsel elected not to speak on Brown's behalf, therefore waiving on appeal any issue concerning counsel's right to speak in allocution. And Brown took full advantage of the opportunity by engaging in a vulgar and profanity-laden tirade. Following our review of the record, we are convinced that the trial court committed no error.

{¶10} Brown also argues that the trial court abused its discretion when it sentenced her to the longest possible jail term for the offense. Where the trial court imposes a misdemeanor sentence within the statutory range for the offense, we presume that the trial court considered the appropriate misdemeanor-sentencing considerations set forth in R.C. 2929.21 and 2929.22. *See State v. Jones*, 1st Dist. Hamilton No. C-140241, 2015-Ohio-490, ¶ 20; *State v. Pate*, 1st Dist. Hamilton Nos. C-130109, C-130110 and C-130112, 2013-Ohio-3740, ¶ 9. In this case, Brown's 180-day sentence was within the range for the offense. *See* R.C. 2929.24(A)(1). And given the evidence presented by the state at trial, we conclude that the court did not abuse its discretion.

{¶11} Consequently, we overrule the sole assignment of error, and we affirm the judgment of the trial court.

Judgment affirmed.

FISCHER and DEWINE, JJ., concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.

8