[Cite as *State v. Posey*, 2026-Ohio-1033.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

HERMAN POSEY, III,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0087**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 24 CR 664

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*,* and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. James R. Wise*, for Defendant-Appellant.

Dated:  March 25, 2026

**HANNI, J.**

{¶1} Defendant-Appellant, Herman Posey, III, appeals from a Mahoning County Common Pleas Court judgment sentencing him to 36 months in prison following his guilty plea to vehicular assault and failure to stop after an accident. Appellant argues the trial court improperly relied on matters outside of the record in considering his sentence. Because the trial court considered permissible matters under the applicable sentencing statute, the trial court's judgment is affirmed.

{¶2} On September 20, 2024, Appellant struck the 16-year-old victim, who was on his way into school, with his truck. Instead of stopping to assist the victim and report the accident, Appellant fled from the scene. Appellant was later arrested. The victim suffered serious and permanent injuries, requiring numerous surgeries.

{¶3} On October 17, 2024, a Mahoning County Grand Jury indicted Appellant on one count of vehicular assault, a third-degree felony in violation of R.C. 2903.08(A)(2)(b)(C)(2); failure to stop after an accident, a fourth-degree felony in violation of R.C. 4549.02(A)(1)(a)(B)(2)(b); and driving under financial responsibility law suspension, an unclassified misdemeanor in violation of R.C. 4510.16(A)(D)(1).

{¶4} Appellant initially pleaded not guilty. Appellant's bond was set at $25,000 and carried the condition of electronically monitored house arrest (EMHA).

{¶5} On Appellant's motion, on November 21, 2024, the trial court reduced Appellant's bond to $15,000. It continued the condition of EMHA.

{¶6} Pursuant to plea negotiations with Plaintiff-Appellee, the State of Ohio, Appellant changed his plea to guilty to vehicular assault and failure to stop after an accident. The State agreed to dismiss the driving under financial responsibility law suspension charge and to recommend a two-year prison sentence.

{¶7} On June 4, 2025, the trial court conducted a change of plea hearing. The court accepted Appellant's guilty plea, ordered a presentence investigation (PSI), continued Appellant's bond, and set the matter for sentencing.

{¶8} The court held Appellant's sentencing hearing on July 30, 2025. It heard from the victim and the victim's mother regarding the victim's extensive injuries, multiple surgeries, continuing pain, and the impact this incident has had on the victim's and his

family's lives. The court also heard from Appellant and his counsel, as well as the prosecutor. And the court considered the PSI, which contained Appellant's extensive criminal history. It further noted that it read reports it received from Community Corrections Association, Inc. (CCA) stating that Appellant violated his house arrest on three occasions while awaiting sentencing. The court then sentenced Appellant to 36 months for vehicular assault and 18 months for failure to stop after an accident. It ordered Appellant to serve the sentences concurrently for a total of 36 months.

{¶9} Appellant filed a timely notice of appeal on August 18, 2025. He now raises a single assignment of error for our review, which states:

THE SENTENCE OF THE TRIAL COURT WAS CONTRARY TO LAW.

{¶10} Appellant argues that in sentencing him, the trial court impermissibly relied on allegations that he violated his house arrest. He contends these allegations were not found in the record and thus, their consideration by the court was improper.

{¶11} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

{¶12} Appellant was convicted of a third-degree felony in violation of R.C. 2903.08 and a fourth-degree felony. The possible prison sentences for a third-degree felony in violation of R.C. 2903.08 are twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months. R.C. 2929.14(A)(3)(a). For a fourth-degree felony, the possible prison sentences are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). The trial court sentenced Appellant to 36 months on the third-degree felony and 18 months on the fourth-degree felony, to be served concurrently. So Appellant's sentences were within the applicable statutory ranges.

{¶13} Appellant claims his sentence is contrary to law because the trial court considered his three EMHA violations, which were brought to the court's attention by way of letters sent to the court by CCA between July 7, 2025 and July 30, 2025. This was after the PSI was already completed and before the sentencing hearing. The letters are on CCA stationery, detail each infraction, and are signed by the program coordinator, the

house arrest officer, and the residential services director.

**{¶14}** A trial court can only consider what is properly on the record at sentencing and cannot rely on information from outside of the record. *State v. McManus*, 2015-Ohio-2393, ¶ 31 (8th Dist.). If a trial court relies on information outside the record, the defendant's due process rights may be violated. *Id*.

**{¶15}** Pursuant to R.C. 2929.19(A), at the sentencing hearing,

> the offender, the prosecuting attorney, the victim or the victim's representative . . . , and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.

**{¶16}** Then, before imposing sentence the court shall,

> [c]onsider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report . . ., and any victim impact statement . . .

R.C. 2929.19(B)(1)(a).

**{¶17}** Thus, the question here is whether the above statutes permit the trial court to consider the letters from CCA informing it of Appellant's EMHA violations. Again, these violations occurred after the PSI was completed but before the sentencing hearing, so that information was not available at the time the PSI was being completed.

**{¶18}** Several cases from our sister districts indicate the trial court was permitted to consider this information.

**{¶19}** In a Second District case, at his sentencing hearing Yates explained to the trial court that he had failed to appear for his presentence investigation and previously-scheduled sentencing hearing because he had been attending to his recently widowed and elderly grandmother. *State v. Yates*, 2011-Ohio-3619, ¶ 4 (2d Dist.). In response, the trial court told Yates that it had a report from his bail bondsperson detailing how he had been transporting drugs the entire time he was out on bond and that, based on the report, Yates' story must be a lie. *Id*. at ¶ 5. At some point, Yates raised his hand

indicating he wished to speak but the trial court cut him off. *Id.* The trial court then sentenced Yates without allowing him to speak to the report.

{¶20} On appeal, Yates argued the bondsperson's report was unsubstantiated and inaccurate and, therefore, the court erred in relying on it to enhance his sentence. *Id*. at ¶ 13. The appellate court first found it was unclear from the record whether the trial court used the allegations in the report as a basis for enhancing the sentence, or merely as a basis for rejecting Yates's explanation for his failure to appear. *Id*. at ¶ 14. The court next found the record did not establish that the trial judge engaged in an extramural investigation as Yates alleged. *Id*. at ¶ 15. Instead, the record indicated that the bondsperson had acted independently. *Id*. And the court found:

> Moreover, R.C. 2929.19(B)(1) requires a trial judge to consider the record and "any information presented at the hearing by any person" that is relevant to the imposition of sentence. Absent evidence to the contrary, we presume that the bondsperson presented the report on her own initiative, as the statute contemplates.

*Id*.

{¶21} Nonetheless, the court went on to find that Yates' right to allocution may have been violated when the trial court cut him off and did not permit him to speak. *Id*. at ¶ 16. The appellate court pointed out that the trial judge did not permit Yates to speak regarding what may have been new information from the bail bondsman's report before imposing sentence. *Id*. at ¶ 23. The court was also concerned that the report was not included in the record on appeal. *Id*. at ¶ 27. For these reasons, the appellate court reversed Yates' sentence and remanded the matter for a new sentencing hearing.

{¶22} And in *State v. Taylor*, 2024-Ohio-2107 (6th Dist.) the Sixth District was faced with whether the trial court erred in considering an incident report faxed to the trial court from the jail detailing a violation Taylor had been engaged in while awaiting sentencing. The appellate court concluded "that like the bondsperson's report in *Yates*, the institutional record in. . . [*State v. Sanders,* 2003-Ohio-1163, ¶ 6 (8th Dist.)], and the report from the Warren County Drug Task Force and Warren County indictment in . . . [*State v. Smith,* 2013-Ohio-2580 (2d Dist.)], the incident report faxed by the jail was of a type permitted by R.C. 2929.19(B)(1)(a)." *Id*. at ¶ 21.

<u>Case No. 25 MA 0087</u>

**{¶23}** Moreover, in *State v. Fowler*, 2022-Ohio-3499, (6th Dist.), which Appellant cites to, the appellate court detailed what type of information can be outside of the record and should not be considered by the trial court at sentencing. At sentencing on Fowler's vehicular homicide conviction, Fowler's attorney acknowledged the terrible tragedy but argued that, while Fowler used poor judgment the homicide was an accident. *Id.* at ¶ 5. In response, the court commented that that the accident was "certainly not only preventable, but predictable that this would happen." *Id*. at ¶ 9. The court then described:

> I live very close to where this accident occurred, right across the river. I was not home at the time of this accident, but my wife was and said that she could hear your motorcycle leaving town and knew by the pitch of the engine and how quickly it was moving up the road that there would be an accident. She knew that from a half a mile, a mile away, so it was predictable not only, it was probable.

*Id*. The court did not provide Fowler or his attorney a chance to respond to these comments. *Id*.

**{¶24}** On appeal, Fowler argued in part that his sentence was contrary to law because the trial court relied on facts the judge learned from a source (his wife) outside of the facts presented in the case in reaching its sentencing decision. The Sixth District found Fowler's sentence was contrary to law. It found the trial court relied on information from a source outside of those authorized by R.C. 2929.19(B)(1)(a), when it relied on the judge's wife's observations. *Id*. at ¶ 15. It also found the trial court violated Fowler's right of allocution by sentencing him without giving him or his attorney an opportunity to respond to the new information introduced at sentencing. *Id*. at ¶ 16. Thus, the court remanded the matter for resentencing.

**{¶25}** This case is more akin to *Yates*, 2011-Ohio-3619 (2d Dist.) and *Taylor*, 2024-Ohio-2107 (6th Dist.) than to *Fowler*, 2022-Ohio-3499 (6th Dist.). The letters from CCA regarding Appellant's EMHA violations are akin to the bail bondsperson's report in *Yates* and the jail incident report in *Taylor*. Moreover, the trial court provided Appellant with his right of allocution after discussing the EMHA violations.

**{¶26}** After Appellant addressed the court, the court again spoke to Appellant:

> You shouldn't have been driving to begin with [because your license was suspended]. And then, you took advantage of house arrest and violated three times. I read those reports as well. So you have a long history of different types of criminal violations and they're not good, and you have not shown that any of that has had any effect on you at all. I mean, you haven't conformed your behavior and, you know, as far as I'm concerned, concealing what happened here after the fact is criminal, and obviously you're charged with it. Well, you're charged with vehicular assault and the failure to stop after an accident.
>
> But you know, what you did here was to effect this young man and his family for the rest of his life, and - - okay. Is there anything else you would like to say?

(Sentencing Tr. 20).

**{¶27}** To this, Appellant told the court: "As far as the house arrest, I mean, I know that any time I needed to do any kind of a movement, I contacted them like they told me to through the phone and went down there every week and  - - [.]" (Sentencing Tr. 20-21). Thus, the trial court provided Appellant with a chance to address the EMHA violations.

**{¶28}** Additionally, the EMHA violations were just one of many factors the trial court considered in sentencing Appellant. Before imposing sentence, the court detailed all of the items it considered in imposing Appellant's sentence:

> The Court has considered the recommendations and statements of counsel, as well as the purposes and principles of sentencing pursuant to Revised Code Section 2929.11. The Court has balanced the seriousness and recidivism factors set forth in Ohio Revised Code Section 2929.12, as well as following the guidance by the degree of felony as set forth in Revised Code Section 2929.13. I have had an opportunity to review the records that were sent to me, including the violation reports from Community Corrections Association and the pre-sentence investigation report. I have had an

opportunity to review defendant's previous record as well as the facts contained in the police report, the defendant's prior convictions, and the injuries that were a result of this - - of the defendant's actions, which were very serious and it appears they are going to be - - continue to be serious and they are going to follow with this defendant - - or this victim, the rest of his life.

(Sentencing Tr. 22-23). And Appellant's criminal record was quite extensive.

{¶29} Accordingly, Appellant's sole assignment of error is without merit and is overruled.

{¶30} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**